1997–NMCA–001

932 P.2d 13

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Carlos PINO, Defendant–Appellant.**

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Johnny C. CHAVEZ, Defendant–Appellant.**

**Nos. 16649, 16958.**

Court of Appeals of New Mexico.

Nov. 18, 1996.

Certiorari Denied Jan. 10, 1997.

Tom Udall, Attorney General and Ann M. Harvey, Asst. Attorney General, Santa Fe, for Plaintiff–Appellee.

Hilary Lamberton, Lamberton & Riedel, Santa Fe and Monica D. Munoz, Albuquerque, for Defendants–Appellants.

## OPINION

PICKARD, Judge.

1. These cases raise the question of whether a conviction from a prior criminal proceeding, where an indigent defendant's waiver of counsel lacked the countersignature of a district public defender, is valid to enhance a later conviction. This is an issue of first impression, and we consolidate the cases. We hold that such a waiver is valid.

2. Defendant Pino was indicted by a grand jury for one count of driving while under the influence of intoxicating liquor or drugs (DWI). The State notified Defendant that it would seek enhancement of the DWI to a fourth degree felony under NMSA 1978, Section 66–8–102(G) (Repl.Pamp.1994), as provided in NMSA 1978, Section 31–18–15(A)(6) (Repl.Pamp.1994), since he had three previous convictions for the same offense. As part of his plea agreement, in which Defendant pleaded guilty to fourth degree felony DWI, Defendant reserved the right to appeal the State's use of a 1991 misdemeanor DWI conviction for enhancing the latest offense. Defendant's waiver of counsel form in the 1991 case did not contain a public defender's countersignature, and he contends that this makes his 1991 conviction invalid for enhancement.

3. Defendant Chavez was indicted by a grand jury on one count of fourth degree felony DWI and one count of a related traffic offense. Defendant entered a plea to both counts, reserving his claim that his waivers of counsel were invalid because they were not countersigned by the public defender, and he was convicted of the offenses. Thereafter, the State filed a supplemental criminal information outlining Defendant's three previous convictions for DWI and seeking enhancement of his most recent offense to a fourth degree felony pursuant to Section 66–8–102(G). At the habitual offender and sentencing hearing, Defendant Chavez again challenged the use of his prior convictions. The trial court denied Defendant's challenge and adjudged Defendant to be a habitual DWI offender. Defendant Chavez also appeals the use of his three prior DWI convictions to enhance his current offense, and we affirm in both cases.

4. The controversy centers around the interpretation of a section of the Public Defender Act, NMSA 1978, §§ 31–15–1 to –12 (Repl.Pamp.1984 & Cum.Supp.1996). Section 31–15–12(D), at the time of both Defendants' prior offenses, stated:

Any person entitled to representation by the district public defender may intelligently waive his right to representation. The waiver may be for all or any part of the proceedings. The waiver must be in writing and countersigned by a district public defender.

The current version has substituted "shall" for "must" in the last sentence. See § 31–15–12(E) (Cum.Supp.1996). We do not deem the change in language to be significant. Defendants argue that because the language in this statute is mandatory, lack of a coun-

tersignature makes their waivers of counsel invalid or not knowing, voluntary, and intelligent. As such, they contend, the uncounseled prior convictions could not be used against them to enhance their fourth convictions to the level of a fourth degree felony.

5. Initially, we note that there is no issue raised in either appeal as to whether Defendants were indigent or entitled to representation paid for by the State at the time of their prior convictions. They were. Nor is there any issue apart from the lack of the countersignature concerning the validity of any of the prior convictions. Specifically, neither Defendant contends that either his pleas or his waivers of counsel were not voluntary, knowing, and intelligent generally as a matter of state or federal constitutional law. Thus, the only issue before us is whether noncompliance with Section 31–15–12(D) invalidates the prior convictions.

6. In construing this section of the Public Defender Act, we remain mindful that our construction must not render the statute's application absurd, unreasonable, or unjust. *State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). To interpret the statutory requirement for a countersignature as the determining factor of a defendant's knowingness and voluntariness puts the statute on a collision course with other settled areas of law.

7. First, such an interpretation subordinates the judicial role of factfinder to the approval of the public defender. It is a general principle that "[i]n a case where a defendant wishes to represent himself, the *trial court* must determine if he is making a knowing and intelligent waiver of counsel and fully understands the dangers of self-representation." *State v. Castillo,* 110 N.M. 54, 57, 791 P.2d 808, 811 (Ct.App.) (emphasis added), *cert. denied,* 110 N.M. 44, 791 P.2d 798 (1990). Furthermore, the trial court must make its determination in light of "the facts and circumstances of each case, including the background, experience and conduct of the accused." *Smith v. Maldonado,* 103 N.M. 570, 573, 711 P.2d 15, 18 (1985). Under Defendants' reading of the statute, a public defender could effectively veto a trial court's finding of a knowing and voluntary waiver of

counsel simply by withholding a countersignature. We do not believe the legislature sought to grant this traditionally judicial power to the public defender. *See also State v. Seward,* 104 N.M. 548, 554, 724 P.2d 756, 762 (Ct.App.) (Public Defender Act and Indigent Defense Act only establish mechanisms for indigents to obtain counsel; it is not within legislature's purview to establish or regulate constitutional or judicial procedural rights through these Acts), *cert. denied,* 104 N.M. 522, 724 P.2d 231 (1986).

8. Second, an inconsistency arises regarding a defendant's right to self representation. The Sixth Amendment right to counsel includes, as a corollary, the right not to have counsel. *State v. Rotibi,* 117 N.M. 108, 110, 869 P.2d 296, 298 (Ct.App.), *cert. denied,* 117 N.M. 215, 870 P.2d 753 (1994); *see also Faretta v. California,* 422 U.S. 806, 820, 95 S.Ct. 2525, 2533–34, 45 L.Ed.2d 562 (1975) ("To thrust counsel upon the accused, against his considered wish[es], ... violates the logic of the [Sixth] Amendment."). The countersignature requirement, if read as Defendants ask, would mean that an indigent defendant could waive counsel only with the permission of counsel he did not want in the first place. Such a result is at irreconcilable odds with the Sixth Amendment.

9. Third, Defendants' interpretation would lead to absurd results. In 1995, there were district public defenders in only seven of the thirteen judicial districts in New Mexico. 120 N.M. at XI. In a district without a public defender, a defendant whom a court found indigent could thwart justice merely by waiving counsel. In the absence of a public defender signature, the defendant's waiver would be invalid. The result would be a complete legal defense to any convictions where a prison sentence, or later enhancement for subsequent crimes, could be imposed. All of this would be because there was no district public defender to countersign the waiver. We will not construe the statutory language to permit justice to be denied. *See Rowell,* 121 N.M. at 114, 908 P.2d at 1382.

10. Defendants argue that the Supreme Court recognized this problem and also demonstrated its agreement with their argument

in its promulgation of NMRA 1996, 9–401. NMRA 9–401 is the New Mexico Supreme Court's published form for waivers of counsel when prison sentences are possible upon conviction. The countersignature block reads:

Approval for District,

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(District Public Defender)

(If none, other appointed counsel)

We do not believe that the Supreme Court's adoption of the form necessarily indicates agreement with Defendants' contentions. *See State v. Wilson,* 116 N.M. 793, 796, 867 P.2d 1175, 1178 (1994) (Court of Appeals may question, amend, modify, or abolish uniform jury instructions about which the Supreme Court has not yet specifically ruled if they are erroneous).

11. It may be that the Supreme Court intended the countersignature requirement to apply only when the public defender or other counsel has been actually appointed, as the phrase "other appointed counsel" suggests. Alternatively, the countersignature requirement may serve as evidence that an indigent defendant has in fact knowingly and voluntarily waived counsel. But the countersignature does not of itself determine whether that waiver was knowing and voluntary. This decision belongs to the trial court.

12. Defendants correctly point out that the language of Section 31–15–12(D) requiring the countersignature is mandatory. *See, e.g., State v. Lujan,* 90 N.M. 103, 105, 560 P.2d 167, 169 (1977) (The words "shall" and "must" generally indicate that the provisions of a statute are mandatory and not discretionary.). Defendants also correctly note that New Mexico courts have held that the Public Defender Act must be read in pari materia with the Indigent Defense Act, NMSA 1978, §§ 31–16–1 to –10 (Repl. Pamp.1984). *State ex rel. Quintana v. Schnedar,* 115 N.M. 573, 576, 855 P.2d 562, 565 (1993). Section 31–16–6 of the Indigent Defense Act provides:

A person who has been appropriately informed under Section 61 [31–16–4 NMSA 1978] of the Indigent Defense Act may waive in writing or by other record any right provided by the Indigent Defense Act if the court authorized to appoint counsel, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, education and familiarity with English and the complexity of the crime involved.

13. Defendant Pino relies heavily on the phrase "if the waiver is otherwise according to law." He suggests that a waiver lacking a countersignature is not "according to law." This contention begs the question of what the countersignature requirement means in the first place. As we have said, this requirement serves an evidentiary function; compliance assists in demonstrating that a defendant knowingly and voluntarily waived counsel. The requirement cannot, however, displace the essential role of the trial court in making that finding.

■ 14. Finally, our cases hold that the types of attack that can be mounted on a prior conviction during proceedings for enhancement of a later sentence are limited. *State v. Dalrymple,* 75 N.M. 514, 407 P.2d 356 (1965); *State v. Wildenstein,* 91 N.M. 550, 552, 577 P.2d 448, 450 (Ct.App.1978). A defendant may not raise every conceivable error that may have led to the prior conviction, but is limited to those errors that would form the basis of a legitimate collateral attack, i.e., those errors that would "void" the conviction by amounting to the denial of the substance of a fair trial or amounting to fundamental error. *Id.*

15. In *State v. Gallegos,* 91 N.M. 107, 110, 570 P.2d 938, 941 (Ct.App.1977), we held that failure to comply with a particular rule of criminal procedure was not sufficient to void a prior conviction so as to bar its use in subsequent habitual offender proceedings. The rule in that case was designed to insure, and place on the record the elements supporting, the constitutional validity of a guilty plea. We have held above that the statutory requirement of the countersignature serves a similar function to the rule involved in *Gallegos.* Thus, according to *Gallegos,* the ab-

sence of the countersignature would not be sufficient to invalidate Defendants' prior convictions so that they could not be used to enhance Defendants' current DWI sentences.

16. We hold that the lack of a countersignature on Defendants' waiver of counsel forms does not of itself make that waiver invalid for the purpose of enhancing later convictions. Accordingly, Defendants' prior DWI convictions were valid for the purposes of enhancing their fourth DWI convictions to a fourth degree felony under Section 66–8–102(G).

17. We affirm.

18. **IT IS SO ORDERED.**

DONNELLY and WECHSLER, JJ., concur.