2008-NMCA-059

183 P.3d 946

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Lori PACHECO, Defendant–Appellant.**

**No. 26,356.**

Court of Appeals of New Mexico.

Feb. 12, 2008.

Certiorari Denied, No. 30,979,
March 28, 2008.

Gary K. King, Attorney General, Chris Conlee, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Cordelia A. Friedman, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant Lori Pacheco appeals her conviction for her fourth offense of driving while under the influence of intoxicating liquor (DWI), pursuant to NMSA 1978, § 66–8–102(A), (C), (G) (2003) (amended 2007), stemming from her conditional plea agreement with the State. On appeal, Defendant asserts that the district court erred in rejecting her argument that two of her prior DWI convictions were "constitutionally invalid" and therefore should not have been considered in determining the charges that were brought against her and the enhanced sentence that resulted. We conclude that because the doctrine of fundamental error does not apply to either of the two prior DWI convictions at issue, Defendant's collateral attacks on the validity of those convictions fail. We affirm Defendant's conviction.

## BACKGROUND

{2} On January 31, 2004, the police pulled over and arrested Defendant in Santa Fe County on suspicion of DWI. On April 24, 2004, a grand jury indicted Defendant on one count of felony DWI and on one count of careless driving. Defendant was indicted on the felony DWI count, as opposed to a misdemeanor DWI count, because her criminal history record revealed several prior DWI convictions. *See* § 66–8–102(G).

{3} On September 30, 2004, Defendant filed a motion in the district court requesting that her felony DWI count be dismissed and that the matter be remanded to the magistrate court. In support of her motion, Defendant argued that two of her prior DWI convictions (one from 1991 and one from 1993) should not have been considered "for enhancement purposes" in charging her for the DWI at issue in the present case. Defendant contended that in pleading guilty to both of the prior DWI charges that she was challenging, the Santa Fe Municipal Court judge who accepted her pleas failed to adequately ensure that either was made voluntarily, knowingly, and intelligently. *See* Rule 8–502 NMRA; *see also Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Garcia,* 121 N.M. 544, 547, 915 P.2d 300, 303 (1996). On November 5, 2004, Defendant entered into a conditional plea agreement with the State, pleading guilty to the DWI charge but maintaining that two of her prior DWI convictions should not be used to enhance her sentence. She reserved the right to appeal if the district court disagreed. One of the terms of the agreement required the State to dismiss the careless driving charge.

{4} On January 13, 2005, the district court held an evidentiary hearing to consider the merits of Defendant's motion to dismiss the felony DWI charge. At the hearing, Defendant called three witnesses: (1) a former part-time prosecutor for the Santa Fe Municipal Court, (2) a criminal defense attorney who had practiced before the Santa Fe Municipal Court, and (3) the former Santa Fe Municipal Court judge who accepted the challenged pleas. The prosecutor testified that the judges presiding over the Santa Fe

Municipal Court had consistently neglected to implement formal guilty plea proceedings, but he did not feel that the procedure that had regularly been implemented was "fundamental[ly] flaw[ed]." The defense attorney testified regarding his concern that the procedure implemented by the judges presiding over the Santa Fe Municipal Court in accepting guilty pleas included an "extremely limited advisement of rights" that, in his opinion, was not constitutionally adequate. Finally, the municipal court judge gave testimony regarding the procedures that he generally implemented in accepting the guilty pleas of criminal defendants. Although the municipal court judge did not specifically remember his interaction with Defendant in accepting her pleas, he testified that before accepting a guilty plea to a DWI charge, it was his general practice to inform a criminal defendant of the following: (1) the nature of the charges, (2) the right to counsel, (3) the fact that anything that the defendant said could be used against him or her, (4) the right to plead not guilty and go to trial, (5) the procedure that would follow if the defendant chose to plead not guilty, (6) the right to present witnesses and evidence, (7) the difference between pleading guilty and nolo contendere, (8) the penalties that would stem from a guilty or nolo contendere plea, and (9) the right to an interpreter. At the hearing, Defendant offered no specific evidence regarding how the municipal court judge's acceptance of her particular guilty pleas was constitutionally deficient or tending to show that she would not have entered into the plea agreements had the municipal court judge given the warnings that she argues are constitutionally and procedurally adequate.

{5} Considering the testimony and evidence presented at the hearing along with the parties' post-hearing briefing, the district court denied Defendant's motion. The district court, relying primarily on *State v. Pino*, 1997–NMCA–001, ¶ 14, 122 N.M. 789, 932 P.2d 13, concluded that Defendant's collateral attacks on her prior DWI convictions failed because the constitutional and procedural deficiencies in the municipal court judge's acceptance of her pleas did not amount to fundamental error. Defendant now appeals to this Court, arguing that the prior DWI convictions at issue are "invalid for purposes of sentencing enhancement" because the procedure implemented in accepting those pleas denied her of her right to due process to such an extent that requires this Court to reverse the district court's decision and to apply the fundamental error doctrine.

## COLLATERAL ATTACKS ON PRIOR DWI CONVICTIONS

{6} Under Section 66–8–102(F)–(J), a person convicted of DWI who has been convicted on previous DWI charges faces enhanced penalties. In order for such an enhancement to apply, "[t]he State bears the initial burden of establishing a prima facie case of a defendant's previous convictions." *State v. Sedillo*, 2001–NMCA–001, ¶ 5, 130 N.M. 98, 18 P.3d 1051. If the State is able to establish "a prima facie case showing the existence of valid prior convictions, the defendant is entitled to bring forth contrary evidence." *State v. Gaede*, 2000–NMCA–004, ¶ 8, 128 N.M. 559, 994 P.2d 1177 (internal quotation marks and citation omitted). It is, however, the State that "bears the ultimate burden of persuasion on the validity of prior convictions" in this context. *Sedillo*, 2001–NMCA–001, ¶ 5, 130 N.M. 98, 18 P.3d 1051.

{7} In the present case, Defendant does not contest the fact that she actually entered into two separate plea agreements with the State in 1991 and 1993 on DWI charges. Rather, Defendant collaterally attacks the underlying procedural and constitutional validity of those two convictions in retrospect. *See State v. Nash*, 2007–NMCA–141, ¶¶ 10–11, 142 N.M. 754, 170 P.3d 533. In this way, Defendant's argument addresses concerns that are distinguishable from those raised in *Sedillo* and *Gaede*. *Compare Sedillo*, 2001–NMCA–001, ¶ 1, 130 N.M. 98, 18 P.3d 1051 (challenging whether a judge's handwritten notes were sufficient to establish that a defendant had previously been convicted of DWI), *and Gaede*, 2000–NMCA–004, ¶ 4, 128 N.M. 559, 994 P.2d 1177 (challenging the use of one DWI conviction for enhancement purposes when the district court judge allegedly told the defendant that the conviction would be removed from his record if he completed DWI school, paid a fine, and successfully

completed a period of probation), *with State v. Wildenstein,* 91 N.M. 550, 552, 577 P.2d 448, 450 (Ct.App.1978) (challenging the underlying constitutional validity of a prior conviction from nearly twenty years earlier by mounting a collateral attack in order to avoid a habitual offender sentencing enhancement).

{8} In reaching this distinction, we note that Defendant contends that, under *Sedillo* and *Gaede,* the ultimate burden to prove the validity of her prior DWI convictions rests with the State. However, as discussed below, because a successful collateral attack on a prior conviction requires a showing of fundamental error, *Pino,* 1997–NMCA–001, ¶ 14, 122 N.M. 789, 932 P.2d 13, it was Defendant's burden to produce evidence demonstrating the invalidity of those convictions, not the State's burden to prove their validity. *See State v. Villa,* 2004–NMSC–031, ¶ 16, 136 N.M. 367, 98 P.3d 1017 (indicating that the party who raises the issue of fundamental error bears the burden of proof "showing that some fundamental right has been invaded") (internal quotation marks and citation omitted).

{9} In *Pino,* 1997–NMCA–001, ¶ 14, 122 N.M. 789, 932 P.2d 13, this Court specifically addressed collateral attacks on prior DWI convictions and stated the following:

A defendant may not raise every conceivable error that may have led to the prior conviction, but is limited to those errors that would form the basis of a legitimate collateral attack, i.e., those errors that would "void" the conviction by amounting to the denial of the substance of a fair trial or amounting to fundamental error.

This language indicates that a defendant who wishes to collaterally attack a prior DWI conviction bears the burden of proving that some error occurred that would require it to be considered void. *See id.* According to *Pino,* in order to meet that burden in the present case, Defendant was required to prove that the alleged procedural and constitutional deficiencies associated with her prior DWI convictions amounted to fundamental error. *See id.* We review whether Defendant made such a showing under the de novo standard of review. *Nash,* 2007–NMCA–141, ¶¶ 1, 11, 142 N.M. 754, 170 P.3d 533 (holding

that the principles of fundamental fairness allow criminal defendants to collaterally attack prior DWI convictions stemming from guilty pleas).

## FUNDAMENTAL ERROR

■ {10} The crux of Defendant's argument on appeal is that two of her prior DWI convictions, one in 1991 and one in 1993, should not be considered for enhancement purposes in the present case because they were allegedly not entered knowingly, voluntarily, or intelligently. In making her argument, Defendant relies on the United States Supreme Court's 1969 decision in *Boykin,* which has essentially been codified in Rule 8–502 of New Mexico's Rules of Procedure for the Municipal Courts.

{11} *Boykin,* as well as Rule 8–502, requires the presiding municipal judge to ensure that (1) the defendant's guilty plea is entered voluntarily and (2) the defendant is aware that by entering the plea, he or she is waiving several significant constitutional rights. *Boykin,* 395 U.S. at 242–43, 89 S.Ct. 1709. The underlying purpose of the rule in *Boykin* is to prevent criminal defendants from deciding to enter guilty pleas for either improper or poorly informed reasons. *See id.* ("Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality.").

■ {12} Applying this well-established law to the present case, Defendant argues that because the municipal court judge (1) did not specifically inform her that she was waiving her right to trials by entering the two guilty pleas at issue and (2) did not "engage in the mandatory colloquy in Rule 8–502(C) to insure that the guilty plea[s] w[ere] knowing, intelligent and voluntary," those convictions should not be considered in the present case for enhancement purposes. In making these arguments, Defendant concedes that a showing of fundamental error must be made in order to preclude the consideration of those convictions. *See Pino,* 1997–NMCA–001, ¶ 14, 122 N.M. 789, 932 P.2d 13. In order for a defendant to make a successful showing of fundamental error, "the errors complained of must be such as go

to the foundation of the case, and which deprive the defendant of rights essential to his defense." *State v. Bencomo,* 109 N.M. 724, 725, 790 P.2d 521, 522 (Ct.App.1990) (internal quotation marks and citation omitted). In applying the fundamental error test to claims involving guilty or no contest pleas, this Court has stated that the following factors must be met: "(1) the error must be clear, and (2) the error must clearly have affected the outcome." *Id.*

{13} While we recognize the inadequacies of the municipal court judge's procedure in accepting guilty pleas, we are not convinced that the evidence presented indicates that he made any "clear" error. *See id.* He certainly could have, and indeed should have, more closely followed the scope of the procedure outlined in *Boykin* and included in Rule 8–502. However, the shortcomings that the evidence presented tends to show do not rise to the level of fundamental error. First, the testimony of the prosecutor and the defense attorney, while relevant regarding the general operating procedures of the Santa Fe Municipal Court, did not point out any deficiencies in the acceptances of Defendant's specific pleas. Second, the municipal court judge testified that it was his standard practice to inform defendants that it was their right to go to trial, to plead not guilty, to present witnesses and evidence, and to be represented by counsel. While he evidently did not implement any precise "colloquy," his advice substantially complied with the mandate in *Boykin* and in Rule 8–502.

{14} We are even less convinced that any deviation from *Boykin* and Rule 8–502 "clearly ... affected the outcome" of Defendant's prior DWI cases. *See Bencomo,* 109 N.M. at 725, 790 P.2d at 522. Neither the prosecutor nor the defense attorney remembered being present when Defendant entered her guilty pleas in 1991 and 1993, and the municipal court judge testified that he neither recognized Defendant nor specifically remembered accepting either of her guilty pleas. Furthermore, Defendant neither testified nor did she offer any other proof that she would not have pleaded guilty if she had been more completely informed of her rights. In short, no evidence was presented that

tended to show that the outcome of Defendant's two prior DWI cases would have been affected in any way if the municipal court judge had strictly followed the procedure outlined in Rule 8–502. We therefore conclude that the deficiencies in the information provided by the municipal court judge in accepting Defendant's two prior DWI guilty pleas do not constitute fundamental error.

{15} In reaching our decision, we recognize the grave importance of criminal judges' adherence to the mandates of both *Boykin* and its codifications in various rules of procedure. However, in this case, contrary to *Boykin,* we note that Defendant did not directly appeal the validity of the two prior DWI pleas at issue. *See Boykin,* 395 U.S. at 239–40, 89 S.Ct. 1709. Instead, she entered into the plea agreements, which we assume to have been favorable since the record and briefing do not reveal that any evidence was presented to the contrary, completed her sentences, and then waited more than ten years to challenge her pleas. Defendant's situation is therefore quite different from the direct appeal in *Boykin,* and "[t]o import *Boykin's* presumption of invalidity into this very different context would ... improperly ignore another presumption deeply rooted in our jurisprudence: the presumption of regularity that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (internal quotation marks and citation omitted).

**CONCLUSION**

{16} Because the doctrine of fundamental error does not apply to either of the prior DWI convictions that Defendant sought to collaterally attack, we affirm.

{17} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and CYNTHIA A. FRY, Judges.