This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.                                                                                    **NO. 29,576**

**GARRETT LORETTO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J. K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Garrett Loretto (Defendant) appeals from the judgment and sentence convicting him after a jury trial of driving while under the influence of intoxicating liquor and/or drugs (DWI). In his brief in chief, Defendant raises one issue: whether the evidence of one of Defendant's prior DWI convictions was insufficient, and therefore the district court erred when it sentenced Defendant based upon five prior DWI convictions for sentence enhancement purposes. We affirm.

**DISCUSSION**

A person convicted of DWI who has been convicted of previous DWI charges faces enhanced penalties. *See* NMSA 1978, § 66-8-102(F)-(J) (2008) (amended 2010). When prior DWI convictions are used to enhance a defendant's sentence, "[t]he State bears the initial burden of establishing a prima facie case of a defendant's previous convictions." *State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051 (filed 2000). "Proof beyond a reasonable doubt of the prior DWI convictions is not needed." *Id.* Once a prima facie case is established, "[t]he defendant is then entitled to bring forth contrary evidence. However, the State bears the ultimate burden of persuasion on the validity of prior convictions." *Id.* (citation omitted).

On November 3, 2008, Defendant was charged with DWI, pursuant to Section 66-8-102(A),(I). After a jury trial, Defendant was convicted of DWI and was sentenced to thirty months incarceration based upon five prior DWI convictions for

2

sentence enhancement purposes . *See* § 66-8-102(I). In this appeal, Defendant does not challenge the sufficiency of the evidence or raise any other issues regarding his conviction for DWI. *See State v. Gee*, 2004-NMCA-042, ¶ 25, 135 N.M. 408, 89 P.3d 80 (stating that issues not briefed are deemed abandoned). Rather, Defendant challenges only the district court's decision to use a 1985 misdemeanor conviction as one of five prior DWI convictions.

At sentencing, Defendant stipulated to having four prior DWI convictions. He objected, however, to the use of his October 18, 1985, conviction in Lincoln County Magistrate Court in Carrizozo, New Mexico, Case No. 26-1-74-0130-A-2, as his first DWI offense, a special penalty misdemeanor (the 1985 misdemeanor conviction) for sentence enhancement purposes. Defendant argued that the 1985 misdemeanor conviction could not be used because it is based on a plea agreement that was entered into without representation by counsel or a valid waiver of counsel.

Initially, we note that the 1985 misdemeanor conviction documents are not part of the record on appeal. *See State v. Jim*, 107 N.M. 779, 780, 765 P.2d 195, 196 (Ct. App. 1988) ("It is defendant's burden to bring up a record sufficient for review of the issues he raises on appeal."). Our review of the sentencing hearing reflects, however, that the State presented a certified copy of the 1985 misdemeanor conviction, stated that the conviction had resulted in a fine and no jail time, and cited New Mexico

Supreme Court case law, *State v. Woodruff*, 1997-NMSC-061, ¶ 37, 124 N.M. 388, 951 P.2d 605, to support its position that the 1985 misdemeanor conviction could be used to enhance Defendant's sentence. The district court noted that the citation attached to the 1985 misdemeanor conviction matched Defendant's date of birth and social security number. Defendant indicated at the hearing that he took no position on admitting to being the person on the 1985 misdemeanor citation. Defendant did not present any evidence to counter the State's assertion that the 1985 misdemeanor conviction resulted in a fine and no jail time for Defendant.

The district court ruled that Defendant did not prove "one way or the other" that the plea agreement was uncounseled. The district court then assumed that the plea was uncounseled, noted New Mexico Supreme Court authority, and held that Defendant failed to present any evidence to challenge the reliability of the 1985 misdemeanor conviction or the validity of its use to enhance his DWI sentence in this case. Defendant was sentenced to DWI, sixth offense.

We agree with the district court. The State established a prima facie case for the use of Defendant's 1985 misdemeanor conviction to enhance Defendant's DWI sentence in this case. The State presented certified copies of the 1985 misdemeanor conviction with a citation containing Defendant's birth date and social security number. Defendant presented no evidence that he was not the person who was

convicted in the 1985 misdemeanor conviction. In addition, Defendant presented no evidence to indicate that the 1985 conviction was not a misdemeanor that had resulted in the imposition of a fine and no imprisonment. *See State v. Pacheco*, 2008-NMCA-059, ¶¶ 8-9, 144 N.M. 61, 183 P.3d 946 (stating that because a successful collateral attack on a prior conviction requires a showing of fundamental error, it is the defendant's burden of producing evidence demonstrating the invalidity of those convictions, not the State's burden to prove their validity). Instead, relying on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658, 712 P.2d 1, 4 (Ct. App. 1985), Defendant argues that the 1985 misdemeanor conviction could not be used to enhance his sentence because he was without counsel at the time, and he had not executed a valid waiver of counsel.

The New Mexico Supreme Court case cited by the State at the sentencing hearing, relied upon by the district court and by the State in the answer brief, *Woodruff*, has addressed this issue and it is controlling authority holding contrary to Defendant's contentions in this case. 1997-NMSC-061, ¶ 37. In *Woodruff*, the New Mexico Supreme Court considered that, as a matter of federal constitutional law, in *Nichols v. United States*, 511 U.S. 738, 741 (1994), the United States Supreme Court held that a defendant's due process rights were not violated by the use of a prior uncounseled conviction to enhance a subsequent conviction, even if the defendant had

not waived his right to counsel in connection with the prior conviction, provided the prior conviction did not result in a sentence of imprisonment. *Woodruff*, 1997-NMSC-061, ¶ 5. In *Woodruff*, the New Mexico Supreme Court then held that, as a matter of state constitutional law, "the use of a prior uncounseled misdemeanor DWI conviction not resulting in a sentence of imprisonment to enhance a subsequent misdemeanor DWI conviction does not violate the New Mexico Constitution." *Id.* ¶ 37; *see* Rule 6-502 (B)-(C) NMRA (requiring the magistrate court judge to address a defendant personally in open court in order to advise a defendant of his right to trial, to ensure that the defendant understands the consequences of pleading guilty, and to determine whether the plea is voluntary and not the result of force or threats or of promises apart from the plea agreement).

We hold that the district court properly used the 1985 misdemeanor conviction to enhance Defendant's sentence in this case.

**CONCLUSION**

We affirm the district court's judgment convicting Defendant of a new DWI offense and the enhancement of his sentence based upon five prior DWI convictions for sentence enhancement purposes.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____

**ROBERT E. ROBLES, Judge**


_____

**TIMOTHY L. GARCIA, Judge**

7