This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 33,459**

**MARCUS PHILLIPS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF  COUNTY**
**Fred T. Van Soelen, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions for three different felonies following a plea agreement in the district court. We issued a notice of proposed disposition proposing to dismiss the appeal because Defendant's plea was unconditional and Defendant therefore did not reserve any issues for appeal. Defendant has filed a memorandum in opposition arguing that we should address the issue of his competency to enter into the plea despite his failure to reserve that question for appeal. We have carefully reviewed the arguments made in the memorandum in opposition, but for the reasons stated herein and in the calendar notice, we dismiss the appeal.

{2}     As we pointed out in the notice of proposed disposition, a defendant who enters into an unconditional plea agreement waives the right to appeal. *See State v. Chavarria*, 2009-NMSC- 020, ¶ 9, 146 N.M. 251, 208 P.3d 896. Defendant's plea therefore constituted a waiver of his right to appeal his convictions, because the issue he now attempts to raise is not jurisdictional. *See State v. Tafoya*, 2010-NMSC-019, ¶ 7, 148 N.M. 391, 237 P.3d 693 (stating that jurisdictional error is confined to instances in which the district court had no authority to act). Despite this, Defendant argues we should allow him to appeal the question of his competency to enter into the plea, because he "never should have been found competent . . .." **[MIO 1]**

{3}     Defendant does not explain what framework we should apply in order to consider the issue he has discussed in the memorandum in opposition. In the notice

of proposed disposition we suggested that one possible argument might be that Defendant's trial counsel was ineffective in failing to reserve the competency issue for appeal. We also pointed out, however, that such an argument would depend on facts that are not currently of record in this case, and must be raised in post-conviction habeas corpus proceedings rather than for the first time in this appeal. *See State v. Roybal,* 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. After considering the material presented in the memorandum in opposition, as well as reviewing the record below, we continue to believe this is the case. As Defendant discusses, a competency hearing was held in this case, at which two different expert witnesses testified. **[MIO 2-3]** Defendant's witness testified he was not competent, and the State's witness contradicted that opinion. The district court decided that Defendant had been treated to competency. **[MIO 3]**

{4}    Subsequently, at the plea hearing, a different judge presided over the proceedings. Although that judge initially had concerns about Defendant's competency to enter into the plea, after questioning Defendant the judge decided to accept Defendant's plea. **[MIO 3-4]** Under these circumstances, we do not believe trial counsel provided ineffective assistance by failing to reserve the competency issue for appeal. Despite Defendant's current attack on the validity of the competency opinion provided by the State's expert witness, a conflict between experts is not the

3

type of issue that is likely to lead to reversal on appeal. *See State v. Johnson*, 1983-NMSC-043, ¶ 7, 99 N.M. 682, 662 P.2d 1349 ("Conflicts in evidence are to be resolved by the trier of facts, and this includes any conflicts in testimony among witnesses."); *see also, e.g.*, *State v. Chandler,* 1995-NMCA-033, ¶ 35, 119 N.M. 727, 895 P.2d 249 (stating that it is not ineffective assistance of counsel to fail to make a motion that lacks merit). For these reasons, to the extent Defendant is attempting to move to amend the docketing statement to raise the issue of ineffective assistance of counsel, we deny that motion as the issue sought to be raised is not viable on the record before us. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable). Defendant's proper avenue to challenge his competency to enter into the plea is via habeas corpus.

{5}     Another possibility is that Defendant is attempting to argue that fundamental error occurred below when the district court accepted his plea, and that he may therefore raise the competency issue despite his failure to reserve it in the plea agreement. Assuming without deciding that a question of fundamental error may be raised even if the issue is not reserved in a plea agreement, we do not find fundamental error occurred in this case. In the context of a plea agreement, fundamental error occurs if the error was clear, and the error clearly affected the

4

outcome. *State v. Pacheco*, 2008-NMCA-059, ¶ 12, 144 N.M. 61, 183 P.3d 946. For the reasons we have discussed above, no clear error can be demonstrated on the record before us. Accepting the opinion of one expert witness over another does not constitute clear error. *See Johnson*, 1983-NMSC-043, ¶ 7. Similarly, we cannot find the district judge who accepted the plea committed clear error where he knew Defendant had already been found competent, questioned Defendant to be sure he understood what was occurring at the plea proceeding, and allowed the entry of the plea. Again, to the extent Defendant may be attempting to amend the docketing statement to raise the issue of fundamental error, we deny that motion because on the record before us the issue sought to be raised is not viable. *See Sommer*, 1994-NMCA-070, ¶ 11.

{6}    Based on the discussion above and the analysis set out in our calendar notice, we dismiss this appeal because Defendant entered into an unconditional plea agreement and failed to reserve any issues for appeal.

{7}    **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

5

_____

**JONATHAN B. SUTIN, Judge**


_____

**J. MILES HANISEE, Judge**