This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

**v.**                                                      **No. 33,750**

**TIMOTHY M. ARTHUR,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant appeals from his conviction for aggravated DWI (.16 or above), specifically challenging the district court's order ruling that Defendant's 2004 DWI conviction was valid for purposes of proving that the current DWI offense was

Defendant's sixth and subject to the enhanced sentence for a sixth conviction. Unpersuaded that the district court erred by using the prior DWI conviction to enhance Defendant's sentence, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a response to our notice. We have considered Defendant's response and remain unpersuaded that Defendant demonstrated error. We affirm.

On appeal, Defendant contends that his 2004 DWI conviction was not valid for enhancement purposes because Defendant's waiver of counsel and guilty plea in municipal court related to that conviction were not knowing and voluntary. [DS 3; MIO 5-8] Defendant pursues his appeal under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 4]

Our notice explained that for a defendant to succeed in a collateral attack against a prior DWI conviction, the defendant must show fundamental error by producing evidence of the invalidity of the prior conviction. *See State v. Pacheco*, 2008-NMCA-059, ¶¶ 8-9, 144 N.M. 61, 183 P.3d 946. "In applying the fundamental error test to claims involving guilty or no contest pleas, this Court has stated that the following factors must be met: (1) the error must be clear, and (2) the error must

2

clearly have affected the outcome." *Id.* ¶ 12 (internal quotation marks and citation omitted).

Our notice detailed the evidence the State presented to support the validity of Defendant's conviction and the contrary evidence and arguments Defendant asserted to rebut the State's prima facie showing of the conviction's validity. In his response to our notice, Defendant does not dispute the accuracy of our account of this evidence or the arguments he asserted in rebuttal. Our notice proposed to hold that the State's evidence was sufficient to establish a prima facie case of validity and that the State carried its ultimate burden of persuasion on the validity of prior conviction. In response, Defendant continues to argue that the trial judge presiding over the 2004 DWI conviction denied him the opportunity to present evidence that he had a learning disability, and the district court in the current case failed to take his learning disability under consideration in assessing whether Defendant established fundamental error. [MIO 7]

The record indicates that the district court in the current case indeed considered Defendant's learning disability. [RP 80] The district court noted that the 2004 conviction was not Defendant's first DWI conviction; Defendant's previous DWI conviction was only a year earlier and he chose to have representation during those previous preceedings. [RP 78] The district court further noted that Defendant did not

express a lack of understanding at any time in the 2004 DWI proceedings, however. [RP 80] We continue to agree with the district court that Defendant did not present evidence showing clear error that affected the outcome of the 2004 DWI case. [RP 81] *See id.* ¶ 12.

For the reasons stated in the notice and in this opinion, we affirm Defendant's conviction for sixth offense, aggravated DWI.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**