This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                             NO. 34,602

**DAVID LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant David Lopez appeals from a judgment and sentence finding him guilty of felony driving while under the influence of intoxicating liquor and/or drugs

(DWI), fifth offense, [RP 157] following his entry of a guilty plea. [RP 110] In this Court's notice of proposed disposition, we proposed to conclude Defendant did not demonstrate the invalidity of his prior DWI convictions and to affirm his conviction for DWI, fifth offense. [CN 1, 5] Defendant filed a memorandum in opposition, which we have given due consideration. Remaining unpersuaded, we affirm.

{2}     Defendant continues to challenge the validity of his conviction and has also moved this Court to amend his docketing statement pursuant to Rule 12-208(E) NMRA to add an argument that three of his prior convictions for DWI cannot be used for enhancement purposes, because the waiver of counsel forms lack a countersignature of the public defender. [MIO 1] The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. For the reasons that follow, we deny Defendant's motion to amend the docketing statement on the ground that the issue raised is not viable.

{3} Defendant asserts the waivers of counsel are invalid, because NMSA 1978, Section 31-15-12(E) (1993) requires that "[t]he waiver shall be in writing and countersigned by a district public defender." [MIO 1] However, as Defendant also acknowledges, this Court has previously held the lack of a countersignature by the public defender does not render a waiver of counsel invalid for purposes of enhancing later convictions. *See State v. Pino*, 1997-NMCA-001, ¶ 16, 122 N.M. 789, 932 P.2d 13. [MIO 2] Defendant concedes *Pino* is controlling law but asks this Court to "re-examine" its decision. Defendant asserts "[t]he issue of public defender countersignatures is a prominent issue" [MIO 2] but does not pose a compelling reason for this Court to overrule *Pino*. While we agree that compliance with the countersignature requirement furthers the objective of placing on the record the elements supporting the constitutional validity of a guilty plea, "[a] defendant may not raise every conceivable error that may have led to the prior conviction, but is limited to those errors that would form the basis of a legitimate collateral attack, i.e., those errors" that result in the denial of a substantively fair trial or fundamental error. *Pino*, 1997-NMCA-011, ¶¶ 14-15. Consequently, we conclude the issue of lack of the public defender's countersignature is non-viable and deny Defendant's motion to amend.

{4} This Court's proposed disposition stated that where a defendant seeks to collaterally attack a prior conviction on the basis that the plea was not made

3

voluntarily, knowingly, and intelligently, "it [is d]efendant's burden to produce evidence demonstrating the invalidity of those convictions, not the [s]tate's burden to prove their validity." *State v. Pacheco*, 2008-NMCA-059, ¶ 8, 144 N.M. 61, 183 P.3d 946. [CN 3] Defendant must demonstrate any alleged procedural and constitutional deficiencies in his prior convictions amounted to fundamental error. *See id.* ¶ 9 (holding that in order to meet her burden, the defendant was required to prove alleged procedural and constitutional deficiencies associated with prior DWI convictions amounted to fundamental error). Because Defendant relies in his memorandum in opposition on the lack of countersignature by the public defender and does not demonstrate how any deficiencies in his prior convictions amounted to fundamental error, we conclude the district court appropriately enhanced Defendant's sentence.

{5}     Therefore, for the reasons stated above and in this Court's proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**