This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40201

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTHONY RUIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant Anthony Ruiz appeals his conviction and sentence for driving while intoxicated (DWI) (third offense) (impaired to the slightest degree), contrary to NMSA 1978, Section 66-8-102(A) (2016). Defendant argues that (1) the State presented insufficient evidence to establish the corpus delicti of DWI, and (2) the district court erred in using a prior DWI conviction to enhance his sentence. We affirm.

**DISCUSSION**

**I.      The State's Evidence Was Sufficient to Establish the Corpus Delicti of DWI**

**{2}**      Defendant was arrested for DWI after his mother called police to report that he was driving drunk in his truck around the family property. Defendant admitted to the arresting officer, Officer Matthew Bustos, that he had been drinking beer while driving around the property. He also admitted to having four drinks about three hours before Officer Bustos arrived and to driving about twenty minutes prior to Officer Bustos' arrival. Defendant argues that the State impermissibly relied on these extrajudicial admissions to establish the corpus delicti of DWI. For the reasons that follow, we disagree.

**{3}**      Corpus delicti "refers to the evidence needed to establish that the charged crime was actually committed." *State v. Wilson*, 2011-NMSC-001, ¶ 8, 149 N.M. 273, 248 P.3d 315 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. "The corpus delicti rule provides that unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained *solely* on the extrajudicial confessions or admissions of the accused." *State v. Bregar*, 2017-NMCA-028, ¶ 45, 390 P.3d 212 (internal quotation marks and citation omitted). Under New Mexico's modern corpus delicti analysis, known as the "modified trustworthiness rule," a defendant's confession or admission may be used to establish the corpus delicti of a crime only "when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *Wilson*, 2011-NMSC-001, ¶ 15; *see also State v. Yanni*, 2023-NMCA-084, ¶ 7, 538 P.3d 121 (same). Our review is de novo. *See Bregar*, 2017-NMCA-028, ¶ 46.

**{4}**      On appeal, Defendant concedes the trustworthiness of his admissions and further admits he was intoxicated by the time Officer Bustos arrived. Defendant additionally acknowledges that there was evidence to support that he was the person driving the truck around the family property and that "[he] was intoxicated prior to when [his mother] called the police." That is, Defendant concedes that there is *some* independent, circumstantial evidence that he drove while impaired. *See Wilson*, 2011-NMSC-001, ¶ 15; *see also State v. Cotton*, 2011-NMCA-096, ¶¶ 14-15, 150 N.M. 583, 263 P.3d 925 (providing that, to sustain a conviction under the "impairment to the slightest degree" standard, there must be evidence that "the driving and impairment overlapped"). We agree.

**{5}**      Defendant's mother testified that Defendant was the only person who had access to the truck and used it. Prior to calling police, Defendant's mother testified that she heard Defendant driving his truck around their property while performing yard work. She explained that Defendant was picking up branches and disposing of them across a bridge on the property, and that although she did not see Defendant driving the truck, she heard it going back and forth across the bridge. Defendant's mother also testified that when she went outside to speak with Defendant, she could tell he had been

drinking. Defendant lived with his mother, and she explained that she sees Defendant every day and she knows when he takes a drink. After speaking with Defendant, Defendant's mother heard the truck driving around again and she called law enforcement. When Officer Bustos arrived, approximately 45 minutes later, he observed Defendant within arms' reach of the truck, the hood of the truck was warm to the touch, and there was a half-empty beer bottle in the center console of the truck. *See Yanni*, 2023-NMCA-084, ¶ 11 (summarizing cases where substantial evidence supported a conviction for past DWI and providing that "[a]lthough the arresting officer did not witness the defendant drive in any of these cases, the defendant was always in close proximity to the vehicle that they admitted to driving or other circumstances linked the defendants to driving the vehicle"). At that time, Defendant smelled of alcohol and had bloodshot, watery eyes and slurred speech. Defendant failed field sobriety tests. Breath tests administered approximately two hours after Defendant's mother called law enforcement registered blood alcohol concentrations (BAC) of .24 and .25, three times the legal limit, § 66-8-102(C)(1). *See State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (providing that a jury may rely on experience to conclude that a state of intoxication arose "over a period of time and not all of a sudden," as well as in determining whether "an accused likely had the ability to drive an automobile in a prudent manner within a reasonable time before or after his behavior is observed in a state of intoxication"); *State v. Marquez*, 2009-NMSC-055, ¶ 24, 147 N.M. 386, 223 P.3d 931 ("[I]t is common knowledge that an individual with a BAC at or above the legal limit is highly likely to be impaired by alcohol, at least to the slightest degree."), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6.

**{6}** Notwithstanding the foregoing evidence and Defendant's concessions on appeal, Defendant argues the State failed to establish the corpus delicti of DWI because there was evidence to support inferences that his sister, and not he, had driven the truck and that his intoxication may have occurred after his mother called police.[1] In support, Defendant cites *State v. Weisser*, 2007-NMCA-015, 141 N.M. 93, 150 P.3d 1043, for the proposition that corpus delicti will be wanting where the evidence is "susceptible to multiple inferences." *See id.* ¶ 36 (concluding that evidence was insufficient to establish the corpus delicti where it was equally consistent with an inference that no criminal act took place). Defendant's argument overlooks the fact that this Court has abrogated *Weisser*'s multiple inferences rule in the context of corpus delicti review. *See Bregar*, 2017-NMCA-028, ¶ 49 (providing that "the 'susceptible of multiple inferences' rule is no longer an appropriate standard for a New Mexico appellate court" to apply in corpus delicti cases); *see also State v. Owelicio*, 2011-NMCA-091, ¶ 31, 150 N.M. 528, 263 P.3d 305 (providing that under the modified trustworthiness rule analysis, "the existence of contradictory evidence merely raises a credibility issue to be resolved by the

---

[1]To the extent Defendant additionally argues that the evidence, independent of his extrajudicial admissions, must, "standing alone," establish the corpus delicti of DWI, this is not the law. As discussed, under New Mexico's corpus delicti analysis, a defendant's confession or admission may be used to establish the corpus delicti of a crime "when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *Wilson*, 2011-NMSC-001, ¶ 15. Once an extrajudicial admission is established as trustworthy, the admission "may properly be considered *together* with independent or corroborative evidence as proof that the crime charged was committed." *State v. Buchanan*, 1966-NMSC-045, ¶ 6, 76 N.M. 141, 412 P.2d 565 (emphasis added).

factfinder"). Defendant's "multiple inference" argument accordingly fails, and we therefore reject his corpus delicti challenge.

## II. The District Court Did Not Err by Using a Prior Conviction to Enhance Defendant's Sentence

{7}    Next, Defendant challenges the use of one of his prior DWI convictions to enhance his sentence. Defendant received an enhanced sentence based on evidence presented by the State that he previously was convicted of DWI in 1989 and 2014. *See State v. Pacheco*, 2008-NMCA-059, 144 N.M. 61, ¶ 6, 183 P.3d 946 (providing that, under Section 66-8-102(F)-(J), "a person convicted of DWI who has been convicted on previous DWI charges faces enhanced penalties"). Defendant challenges the 1989 conviction on two grounds: (1) that the State failed to prove the validity of the conviction; and (2) that the conviction was the result of fundamental error.

{8}    To prove the existence and validity of the 1989 conviction, the State offered a certified copy of a Motor Vehicle Division (MVD) abstract. Defendant's signature does not appear on the MVD abstract and his name is listed as "Antonio Ruiz," but his date of birth is correctly recorded. Checked boxes on the MVD abstract indicate that Defendant pled guilty and waived counsel, and the magistrate judge and the charging police officer signed the abstract. In addition, the State presented a file-stamped copy of a plea agreement and a judgment and sentence for Defendant's 2014 conviction. Within the 2014 plea agreement, Defendant admitted that the 1989 conviction was "valid and free from fundamental error" and agreed that he would "not . . . contest [its] validity." When Defendant signed the 2014 plea agreement, he was represented by counsel. At the sentencing hearing in this case, Defendant testified and confirmed certain information in the MVD abstract—including that he was involved in a serious car accident on the date listed and that he drove a Mazda and resided in Alcalde, New Mexico at the time of the accident. Defendant, however, claimed that he either did not go—or could not remember going—to court in 1989. He also testified that he could not remember entering a plea in 1989 or 2014. Defendant explained that it was difficult for him to remember details about the 1989 incident because, in addition to the passage of time, he has memory impairment caused by several medical conditions.

### A. Validity of the 1989 Conviction

{9}    Our review of the district court's determination that a defendant has a prior conviction is for an abuse of discretion. *See State v. Gaede*, 2000-NMCA-004, ¶ 19, 128 N.M. 559, 994 P.2d 1177. In conducting this review, we view the evidence in the light most favorable to the state and we do not reweigh the evidence or substitute our judgment for the district court's. *See State v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051. Defendant advances two arguments why the district court erred in accepting the validity of the 1989 conviction.

{10}    First, Defendant contends the MVD abstract of the 1989 conviction and the admission within the 2014 plea agreement are insufficient to meet the State's prima

facie burden. *See id.* ¶ 5 (providing that "[t]he [s]tate bears the initial burden of establishing a prima facie case of a defendant's previous convictions"). We are not persuaded. The burden of making out a prima facie case is not an onerous one, *see State v. Warford*, 2022-NMCA-034, ¶ 33, 514 P.3d 31, and is met by introducing evidence that the defendant is the same person convicted of the previous crimes, *see State v. Gonzales*, 1997-NMSC-050, ¶ 14, 124 N.M. 171, 947 P.2d 128. As the district court observed, Defendant's testimony about the details of the 1989 car accident confirmed his identity in the 1989 abstract. Moreover, this Court has held substantially similar evidence to that relied on in this case is sufficient to establish a prima facie case. *See State v. Duncan*, 1994-NMCA-030, ¶¶ 14, 16, 117 N.M. 407, 872 P.2d 380 (concluding, notwithstanding the lack of proof that out-of-state convictions were counseled and the defendant's testimony that he did not recall talking to counsel, certified copies of indictments and sentencing returns, along with a subsequent plea providing that the out-of-state convictions were "valid and free from fundamental error" was sufficient to establish the prima facie validity of previous convictions in habitual offense proceeding), *abrogated on other grounds by State v. Brule*, 1999-NMSC-026, ¶¶ 3-6, 127 N.M. 368, 981 P.2d 782; *Gonzales*, 1997-NMSC-050, ¶ 14 (citing *Duncan* approvingly in the DWI enhancement context); *see also Warford*, 2022-NMCA-034, ¶¶ 29, 33 (concluding that a certified copy of an abstract of record from MVD is prima facie proof of the defendant's DWI conviction); *Sedillo*, 2001-NMCA-001, ¶¶ 7-10 (providing that the state met its prima face burden where the documents were consistent with the defendant's name, date of plea, and docket number).

**{11}** Second, Defendant contends the State failed to rebut his testimony that he did not appear in court or plead guilty, thus failing to satisfy its ultimate burden of persuasion. *See Sedillo*, 2001-NMCA-001, ¶ 5 (providing that "the [s]tate bears the ultimate burden of persuasion on the validity of prior convictions"); *see also Duncan*, 1994-NMCA-030, ¶ 16 (providing that "the defendant is entitled to bring forth contrary evidence [challenging the validity of the conviction], but it is [their] burden to do so" and that there is no "affirmative burden . . . on the state where the record in a habitual offender proceeding is silent as to the validity of the conviction"). The district court, however, did not credit Defendant's testimony in this regard. As the factfinder, it was well within that court's discretion to do so. *See Gaede*, 2000-NMCA-004, ¶ 15 (providing that "the district court, as the fact finder in the present case, could accord whatever weight it deemed appropriate to [the d]efendant's testimony"); *see also Gonzales*, 1997-NMSC-050, ¶¶ 16-18 (providing that, even though the defendant's testimony that his waiver of counsel was not voluntary was not "rebutted," it was not uncontroverted because the state produced documentary evidence and "[t]he trial court was free either to disbelieve [the d]efendant's allegations or to reject the inference he asked the court to draw"); *State v. Duarte*, 1996-NMCA-038, ¶ 27, 121 N.M. 553, 915 P.2d 309 (providing that "despite the [s]tate's failure to offer evidence in opposition to [the d]efendant's showing [that his prior convictions were invalid], the court was entitled to reject that showing under the circumstances of th[e] case").

**{12}** We accordingly perceive no abuse of discretion in the district court's determinations that the State made a prima facie showing and that Defendant's

testimony did not overcome this showing. *See Gonzales*, 1997-NMSC-050, ¶ 18 (concluding that the state "carried its initial burden of establishing a prima facie case and that [the defendant's] testimony was insufficient to compel a different factual determination"); *Duncan*, 1994-NMCA-030, ¶ 16 (providing that, "[b]ased on [the d]efendant's vague and somewhat inconsistent recollections about whether he had the advice of counsel before he pleaded guilty to the [out-of-state] crimes, we do not find that the district judge abused her discretion in accepting [those] convictions as the basis for the habitual offender enhancements").

## B.     Fundamental Error

**{13}**     Lastly, Defendant argues that the 1989 conviction was the result of fundamental error because, again, according to him, he did not appear in court and did not plead guilty and therefore could not have entered into a knowing, intelligent, and voluntary plea. A defendant may collaterally attack a prior conviction based on fundamental error. *See Pacheco*, 2008-NMCA-059, ¶ 8; *see also id.* ¶ 12 (providing that fundamental error is present where there was (1) a clear error that (2) clearly impacted the outcome). It, however, is the defendant's burden to demonstrate such error. *Id.* ¶¶ 8-9. Although our review for fundamental error is de novo, *id.* ¶ 9, we defer to the district court's factual findings. *See State v. Howard*, 1989-NMCA-029, ¶ 2, 108 N.M. 560, 775 P.2d 762 (providing that in habitual offender proceedings, "[t]his [C]ourt does not weigh the evidence and may not substitute its judgment for that of the trier of fact"); *see also State v. Bailey*, 2008-NMCA-084, ¶ 23, 144 N.M. 279, 186 P.3d 908 (providing that we review evidence presented in habitual offender proceedings for substantial evidence).

**{14}**     As discussed, Defendant's testimony regarding his appearance in court and plea in 1989 was equivocal. This Court previously has concluded that such testimony is insufficient to establish a plea was not knowing, intelligent, and voluntary. *See Duarte*, 1996-NMCA-038, ¶¶ 16, 26, 28 (affirming the district court's use of the defendant's prior pleas to enhance his sentence and providing that "the trial court was entitled to discount [the defendant's testimony that his prior pleas were not knowing and voluntary] and find [his testimony was] outweighed by the other evidence"); *McGarrh v. State*, 2022-NMCA-036, ¶ 19, 514 P.3d 55 ("Petitioner's inability to recall whether the plea colloquy requirements were met—when those pleas were entered in 1989, 1992, and 2001— does not alone establish that those pleas were involuntary."). Moreover, it was the district court's prerogative to disbelieve Defendant's testimony, which it did, and, again, we do not substitute our judgment for the district court's. *See Howard*, 1989-NMCA-029, ¶ 2.

**{15}**     In short, we conclude that Defendant has not met his burden to establish fundamental error and has not overcome the "presumption of regularity that attaches to final judgments, even when the question is waiver of constitutional rights." *See Pacheco*, 2008-NMCA-059, ¶¶ 8, 15 (internal quotation marks and citation omitted); *cf. Duarte*, 1996-NMCA-038, ¶ 22 ("The validity of prior convictions is presumed until a defendant produces evidence reasonably tending to establish their invalidity. If the constitutional invalidity of prior convictions is not adequately shown, the burden of

persuasion does not shift, and the [s]tate has no obligation to come forward with evidence.").

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm.

**{17}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**