677 P.2d 639

**SENA SCHOOL BUS COMPANY, INC., a New Mexico Corporation, a/k/a Sena Bus Company, Inc., and David H. Sena, Individually, Plaintiffs-Appellants,**

**v.**

**BOARD OF EDUCATION OF the SANTA FE PUBLIC SCHOOLS, James P. Miller, Superintendent of Schools for Santa Fe Public Schools, Robert M. Sweeney, Richard M. Padilla, Arthur J. Johnson, Alice E. Daum, Jay C. Miller, Eluid Martinez and Henry Gallegos, Individually and as members of the Santa Fe Public Schools Board of Education; Leonard DeLayo, Superintendent of Public Instruction of the State of New Mexico, Bill G. Loshbough, State Transportation Director for the State of New Mexico, Defendants-Appellees.**

No. 7009.

Court of Appeals of New Mexico.

Feb. 9, 1984.

Michael D. Bustamante, Ortega & Snead, P.A., Lorenzo Tapia, Jr., Tapia & Campos, Albuquerque, for plaintiffs-appellants.

J. Duke Thornton, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, Paul G. Bardacke, Atty. Gen., Carolyn W. Wolf, Asst. Atty. Gen., Fletcher R. Catron, Catron, Catron & Sawtell, P.C., Santa Fe, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs appeal the dismissal, based on a two-year statute of limitations, of their complaint which alleged a willful and malicious breach of contract and a deprivation of constitutional rights. Plaintiffs raise the following issues.

1) NMSA 1978, Section 37–1–23 is unconstitutional because it violates the equal protection clauses of the United States and New Mexico Constitutions.

2) Section 37–1–23 is unconstitutional because it violates the due process clause of the Fourteenth Amendment to the United States Constitution.

3) NMSA 1978, Section 41–4–15 (Repl. Pamp.1982) is unconstitutional because it violates the equal protection clauses of the United States and New Mexico Constitutions.

4) Section 41–4–15 does not apply to the members of the Board of Education of the Santa Fe Public Schools in their individual capacities.

5) Plaintiffs' action under 42 U.S.C. § 1983 is not governed by the New Mexico Tort Claims Act limitations period (Section 41–4–15).

We review the cause in accordance with NMSA 1978, Civ.P.R. 12(c) (Repl.Pamp. 1980). We "consider the facts pleaded as undisputed and determine if a basis is present to decide the issues as a matter of law." *Matkins v. Zero Refrigerated Lines, Inc.*, 93 N.M. 511, 602 P.2d 195 (Ct.App.1979).

Plaintiffs allege that they entered into contracts with defendants on or about August 29, 1977, and August 23, 1978, to provide bus transportation for Santa Fe Public School students. Plaintiffs allege that defendants breached the contract on or about September 12, 1978. Attached to plaintiffs' complaint are two form contracts for the 1977–78 school year, and a letter dated August 23, 1978. The first contract is between the Santa Fe Board of Education and "Sena Bus Company"; the second is between the Santa Fe Board of Education and David Sena.

Plaintiffs' complaint, filed September 10, 1981, has eight counts: the first four counts allege the bus company's causes of action and the second four counts allege nearly identical causes of action for individual plaintiff Sena. Plaintiffs allege: 1) breach of contract entitles them to damages; 2) willful and malicious breach of contract entitles them to punitive damages; 3) violation of due process and equal protection rights and violation of rights under New Mexico law and the contract entitle them to damages; 4) willful violation of constitutional rights entitles them to punitive damages. Plaintiffs' constitutional claims arise out of a September 12, 1978, pretermination hearing concerning the alleged contracts which they claim was deficient. We will assume that defendants breached both written and oral contracts.

### Constitutionality of Section 37–1–23

#### A. Equal Protection
**37–1–23. Contractual liability; statute of limitations.**

A. Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.

B. Every claim permitted by this section shall be forever barred unless brought within two years from the time of accrual.

■ Plaintiffs claim that this two-year statute of limitations, which bars the claim on a written contract, violates their equal protection rights because the statute makes an irrational classification based on plaintiffs who contract with governmental entities, and those who contract with private entities or persons. The latter have four years in which to sue for breach of unwritten contracts, and six years in which to sue for breach of written contracts. NMSA 1978, §§ 37–1–4 and 37–1–3(A).

The tests to determine the validity of a statute challenged under the United States and New Mexico equal protection clauses are the same. *Garcia v. Albuquerque Public Schools Bd.*, 95 N.M. 391, 622 P.2d 699 (Ct.App.1980). The test here, where the classification is not suspect and the statute does not go to fundamental rights, is whether the classification is reasonable. *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977).

■ The defendants offer several reasons why the classification is reasonable. The government enters into more contracts than the private sector. This is one reason for the shorter period. The volume of contracts would tend to cause the memory to fade as to any one contract. This determination is sufficient to overcome plaintiffs' claim of denial of equal protection.

■ Similar equal protection challenges to the New Mexico Tort Claims Act, NMSA 1978, §§ 41–4–1 to 41–4–27 (Repl.Pamp. 1982, Cum.Supp.1983), have failed. Prohibition of tort claims against the State except in eight classes of activity does not violate equal protection although it discriminates among persons who suffer injury from state employees. *Garcia v. Albuquerque Public Schools Bd. See also Ferguson v. New Mexico State Highway Com'n*, 99 N.M. 194, 656 P.2d 244 (Ct.App. 1982).

**B. Due Process**

■ Plaintiffs allege that subsection (A) of Section 37–1–23 which grants governmental entities immunity from all contract actions but those on a "valid written contract" deprives them of property, namely their cause of action on the 1978 oral contract, without due process. The constitutional issue is not reached because any oral contract action would be time barred, too. There is no reason why a statute of limitations on oral contracts would be longer than those on a written contract. To the contrary, statutes of limitations on oral contracts are shorter. *Compare* NMSA 1978, Section 37–1–4, which has a four-year statute of limitations on oral contracts, with NMSA 1978, Section 37–1–3, which has a six-year limitation on written contracts.

**Section 41–4–15**

Section 41–4–15 provides in part:

A. Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death * * * *

■ Plaintiffs' argument on Issues 3 and 4 is an attack on the constitutionality and scope of the Tort Claims Act. Plaintiffs did not bring any action under the Tort Claims Act and any pronouncement on the constitutionality and scope of Section 41–4–15 would be advisory. We do not give advisory opinions. *Bell Telephone Laboratories v. Bureau of Revenue*, 78 N.M. 78, 428 P.2d 617 (1966).

**Section 1983 Action**

■ Although plaintiffs do not clearly identify their Section 1983 claims on appeal, we will assume for opinion purposes that they were sufficiently raised in the complaint.

The court did not identify which statute of limitations was applied to bar plaintiffs' claims. The trial court applied either Sec-

tion 37–1–23 or Section 41–4–15, both two-year statutes of limitation.

*DeVargas v. State,* 97 N.M. 563, 642 P.2d 166 (1982), in quashing the granting of certiorari in *DeVargas v. State ex rel. N.M. Dept. of Corr.,* 97 N.M. 447, 640 P.2d 1327 (Ct.App.1981), stated that the statute of limitations which would control in a Section 1983 action would be "the state statute of limitations governing the state cause of action provided by state law which is most closely analogous to Section 42 U.S.C. § 1983 and which is not inconsistent with the Constitution and Laws of the United States."

Under New Mexico law, the most closely analogous state cause of action is Section 37–1–23 which grants governmental entities immunity from actions based on contract, except actions based on a valid written contract. In the instant case, plaintiffs alleged a breach of written and oral contracts by the state. The breach of these contracts, written or oral, was the basis for plaintiffs' Section 1983 claim.

Accordingly, we hold that Section 37–1–23 is the most analogous state cause of action and, thus, its two-year statute of limitations applies.

Affirmed.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.