The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>April 26, 2022</u>

No. A-1-CA-39044

**DANA MCGARRH a/k/a DANA ALLEN MCGARRH,**

Petitioner-Appellant,

v.

**STATE OF NEW MEXICO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

The Law Office of Scott M. Davidson, Ph.D.
Scott M. Davidson
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

**OPINION**

**WRAY, Judge.**

{1}     Petitioner, Dana McGarrh, appeals the district court's denial of his Rule 5-803 NMRA post-conviction petition and motion to reconsider. We reverse in part and affirm in part.

**BACKGROUND**

{2}     Between 1989 and 2001, Petitioner pleaded guilty three times to misdemeanor driving while intoxicated (DWI) charges in San Juan County municipal courts. In 2003, Petitioner pleaded to a fourth DWI in the Eleventh Judicial District Court, which resulted in a fourth degree felony conviction, pursuant to NMSA 1978, Section 66-8-102(G) (2002, amended 2016).[1] Petitioner was sentenced to eighteen months incarceration, and he completed his sentence in March 2006. In 2020, Petitioner filed a Rule 5-803 petition (Petition) and sought to invalidate all four pleas, because he contended that the judges in each plea hearing "never articulated on the record, in spite of clear rule requirements, what the State must prove in order to convict Petitioner McGarrh of any of the charges at issue." The district court summarily dismissed the Petition for three reasons: (1) lack of jurisdiction to review

---

[1]All references to Section 66-8-102 in this opinion are to the 2002 version of the statute.

the three misdemeanor pleas, (2) the Petition was untimely, and (3) the pleas were knowingly, voluntarily, and intelligently entered. Petitioner appeals.

**DISCUSSION**

{3}   Petitioner seeks post-conviction relief under Rule 5-803, and we therefore consider his arguments within the confines of that rule. We briefly review the procedural steps outlined by Rule 5-803 in order to provide the context for Petitioner's arguments.

{4}   Under Rule 5-803(A) a "petition to set aside a judgment and sentence may be filed in the district court of the jurisdiction which rendered the judgment by one who has been convicted of a criminal offense, and who is not in custody or under restraint as a result of such sentence." Rule 5-803(B) permits the correction of "convictions obtained in violation of the constitution or laws of the United States or the State of New Mexico," including motions to withdraw pleas that are filed by persons who are not in custody. *See also* Rule 5-803(A) (applying the rule to persons who are not in custody); *State v. Yancey*, 2021-NMCA-009, ¶ 12, 484 P.3d 1008 ("A person who is convicted based on a plea that is not knowing and voluntary suffers a deprivation of the constitutional right to due process."). Petitions must "be filed within a reasonable time after completion of the petitioner's sentence." Rule 5-803(C). The district court shall summarily dismiss a petition if "it plainly appears . . . that the petitioner is not entitled to relief as a matter of law." Rule 5-803(F)(1). The rule sets

2

forth a procedure for a revised petition, Rule 5-803(F)(1), but ultimately, if summary reversal is "not appropriate" the district court is required to order a response from the state. Rule 5-803(F)(2). After a response, the district court may decide the issues and/or hold a preliminary disposition hearing, at which the district court shall "determine whether an evidentiary hearing is required[,]" and if no evidentiary hearing is required, "may dispose of the petition." Rule 5-803(F)(3). In the present case, the district court summarily dismissed the Petition on its face without a response from the State or a hearing.

{5}    Petitioner challenges each of the district court's three bases for summary dismissal of his Rule 5-803 Petition. We address each argument in turn.

## I.    The District Court's Rule 5-803 Jurisdiction to Review Misdemeanor Pleas

{6}    The district court determined that it did not have jurisdiction to set aside the three DWI pleas taken in the Farmington and Aztec municipal courts, because Rule 5-803 only "provides relief from a judgment rendered in [d]istrict [c]ourt." Petitioner argues that the district court "erred as a matter of law" based on the plain language of Rule 5-803 because Rule 5-803 permits the filing of a petition in the district court of the jurisdiction that rendered the judgment, and the three plea judgments were entered in municipal courts that were all located in the Eleventh Judicial District Court. The parties agree that Rule 5-803(A) governs the district court's jurisdiction.

3

We review the jurisdictional question de novo, *see State v. Barraza*, 2011-NMCA-111, ¶ 5, 267 P.3d 815, and we agree with Defendant.

**{7}** Rule 5-803(A) requires petitions to be "filed in the district court of the jurisdiction which rendered the judgment" and is not limited to pleas made in district courts. *See Ramirez v. State*, 2014-NMSC-023, ¶¶ 3, 5, 333 P.3d 240 (discussing a district court's post-conviction review of a plea entered in magistrate court). Petitioner's first three DWI convictions were entered in municipal courts located in San Juan County, and San Juan County is part of the Eleventh Judicial District Court. NMSA 1978, § 34-6-1(K) (1992). Petitioner filed the 2020 Petition in the Eleventh Judicial District Court. Because the three prior misdemeanor DWI convictions were entered in municipal courts located in the Eleventh Judicial District Court, the Petition in the present case was properly filed in the Eleventh Judicial District Court. We therefore reverse the district court's jurisdictional ruling.

## II. The District Court Did Not Abuse Its Discretion in Determining the Petition to Be Untimely

**{8}** The district court additionally found that the Petition "was not filed timely pursuant to [Rule] 5-803(C)" because it was filed "approximately [fifteen] years after the completion of his sentence" and that no exception excused the late filing. Petitioner contends that the district court had "no basis for dismissing [the P]etition

4

on timeliness grounds." We first address the appropriate standard of review for the district court's timeliness determination and then address Petitioner's arguments.

{9}     Generally, we review motions to withdraw pleas for abuse of discretion. *See State v. Otero*, 2020-NMCA-030, ¶ 3, 464 P.3d 1084. Petitioner argues that we should consider de novo the district court's determination that the Petition was untimely, because the facts—the date on which the Petition was filed—are undisputed, and a de novo standard applies when "there are no material facts in dispute" and an appeal presents a question of law. *Whittington v. State Dep't of Pub. Safety*, 2004-NMCA-124, ¶ 5, 136 N.M. 503, 100 P.3d 209. Petitioner maintains that the "summary dismissal of [the P]etition on timeliness grounds is antithetical to the purposes, history and case law interpreting and applying Rule 5-803." To the extent that Petitioner asks us to consider the meaning of "reasonable time," as it is used in Rule 5-803, our review is de novo. *See Roark v. Farmers Grp., Inc.*, 2007-NMCA-074, ¶ 50, 142 N.M. 59, 162 P.3d 896 (engaging in rule construction de novo). To the extent, however, that Petitioner maintains the district court improperly applied Rule 5-803 and denied his petition based on timeliness, we review for abuse of discretion. *See Otero*, 2020-NMCA-030, ¶¶ 3-4 (reviewing timeliness under Rule 5-803 for abuse of discretion). Applying these standards of review, we conclude that (1) Rule 5-803 explicitly includes a limitation on the time to bring a petition, and (2)

the district court did not abuse its discretion in determining that Petitioner did not timely file the Petition. We explain.

{10}     Petitioner outlines the history of post-conviction, post-release law—from the initial use of writs of coram nobis through the application of Rule 1-060(B) NMRA—to argue that "[u]nder Rule 5-803, there is no specified time limit" to request relief from a void judgment and that long periods of delay have been historically acceptable. For support, Petitioner points to *State v. Romero*, which observed that there was "no limitation of time within which a motion must be filed under the provisions of Rule [1-060(B)(4)]." 1966-NMSC-126, ¶ 25, 76 N.M. 449, 415 P.2d 837. While the history of coram nobis and Rule 1-060(B) motions may provide important context for how petitions to void a plea evolved, we must consider the provisions of the current rule. *See* Rule 5-803 comm. cmt. (explaining that Rule 5-803 explicitly "superseded" Rule 1-060(B) "for post-sentence matters involving criminal convictions, including the writ of coram nobis"). In its current iteration, Rule 5-803(C) explicitly requires a petition to "be filed within a reasonable time after the completion of the petitioner's sentence, unless the court finds good cause, excusable neglect, or extraordinary circumstances beyond the control of the petitioner that justify filing the petition beyond that time." We therefore reject Petitioner's contention that because prior procedural mechanisms for post-sentence relief did not impose time requirements, Rule 5-803 must be read similarly. *See*

6

*Otero*, 2020-NMCA-030, ¶ 7 (noting the difference in time requirements between Rule 1-060 and Rule 5-803). Rule 5-803(C) requires petitions for post-conviction, out-of-custody relief to be brought "within a reasonable time."

{11}    In the present case, the district court found that the Petition was not brought in a reasonable time, fifteen years after the final sentence was completed, and that no Rule 5-803(C) excuse justified the late filing. Petitioner contends that because the district court summarily dismissed without a hearing, he had no "opportunity to demonstrate good cause, excusable neglect, or extraordinary circumstances justifying the timing of [the] Rule 5-803 motion." We disagree. Petitioner filed a motion to reconsider in the district court, but as it relates to timeliness, he did not request a hearing or identify any evidence that he would have presented at a hearing. Similarly, on appeal, Petitioner has identified no evidence that he could have presented at a hearing to show either that the time he took to file the Petition—fifteen years after he finished serving his fourth sentence—was reasonable or that "good cause, excusable neglect, or extraordinary circumstances" existed. Rule 5-803(C); *see id.* comm. cmt. (noting that late-filed petitions may be acceptable "because of the development of serious unforeseen collateral consequences which are beyond the control of the petitioner"). We therefore conclude that the district court did not

abuse its discretion in finding that after waiting fifteen years, Petitioner failed to timely bring the Petition.

### III. The Validity of the Four Pleas

{12} Petitioner challenges the validity of all four pleas and argues that the judges at all four DWI plea hearings failed to inform Petitioner "on the record the nature of the charges." As a result, Petitioner contends the district court erred in summarily denying the Petition to set aside the four convictions because the pleas were not knowing and voluntary under New Mexico law. Again, we review the district court's ruling for abuse of discretion. *See Otero*, 2020-NMCA-030, ¶ 3. Appellate courts, however, "analyze a district court judge's discretionary decisions by first, without deferring to the district court judge, deciding whether proper legal principles were correctly applied." *State v. Ferry*, 2018-NMSC-004, ¶ 2, 409 P.3d 918. We therefore first turn to consider what is required, as a matter of law, to withdraw a guilty plea.

{13} To withdraw a guilty plea, the petitioner must show that the plea was not "knowing and voluntary." *State v. Garcia*, 1996-NMSC-013, ¶ 14, 121 N.M. 544, 915 P.2d 300. A guilty plea may be invalid as a matter of law if the record does not affirmatively show that before the plea was accepted, the procedures in Rule 5-303 NMRA were followed. *Garcia*, 1996-NMSC-013, ¶¶ 9, 13. In relevant part, Rule

8

5-303(F)(1) [2] states that "[t]he court shall not accept a plea of guilty or no contest without first, by addressing the defendant personally in open court, informing the defendant of and determining that the defendant understands . . . the nature of the charge to which the plea is offered." *State v. Ramirez*, 2011-NMSC-025, ¶ 9, 149 N.M. 698, 254 P.3d 649 (emphasis, internal quotation marks, and citation omitted); *see id.* (describing the "nature of the charges" as the "essential elements of the charges" (alteration omitted)). In order for a guilty plea to be "truly voluntary" the defendant must possess "an understanding of the law in relation to the facts." *Yancey*, 2021-NMCA-009, ¶ 13 (internal quotation marks and citation omitted). Petitioner "bears the burden of proving that some error occurred that would require [the guilty plea] to be considered void." *State v. Pacheco*, 2008-NMCA-059, ¶ 9, 144 N.M. 61, 183 P.3d 946.

{14}   Petitioner contends that his fourth DWI plea (Fourth Plea) and his first three DWI pleas (Misdemeanor Pleas) were void, and not knowing and voluntary, because he argues that the records for those pleas fail to show that the judges who took the pleas advised Petitioner of the essential elements of the charged crime and ensured he understood those elements. We consider the Fourth Plea and the Misdemeanor Pleas separately.

---

[2]Rule 5-303 was amended in 2010, but because the amendments since the time the four pleas were taken are not germane to our analysis, we cite the current version of the Rule.

## A.     The Fourth Plea

{15}     The district court determined that the Fourth Plea was knowing and voluntary because "Petitioner acknowledged that he understood his rights[ and] the maximum length of sentence he was facing." Petitioner faults the Fourth Plea colloquy for failure to identify the "essential elements of each of the charges" on the record. This Court recently considered the validity of a plea and carefully explained the requirements for a plea colloquy. *See Yancey*, 2021-NMCA-009. In *Yancey*, this Court began our analysis "by examining how the law defining fraud and embezzlement relate[d] to the facts of [the d]efendant's cases—a relationship that [made] the charges against [the defendant] complex." *Id.* ¶ 14. During the plea colloquy, the district court did not "engage [the d]efendant in *any* discussion regarding the nature of the charges." (alteration, internal quotation marks, and citation omitted). *Id.* ¶ 15. Instead, the district court asked whether the defendant "understood the allegations [against him] in the criminal information[s]" and whether he "acknowledged and agreed that the [s]tate had some evidence to prove his guilt of all the charges." *Id.* ¶ 5 (alterations and internal quotation marks omitted). Each time, the defendant answered in the affirmative. *Id.* We reasoned that this "formulaic exchange" did not fulfill the district court's obligation under Rule 5-303, because the defendant's affirmative responses provided no "basis for concluding that [the d]efendant *actually* understood how his conduct satisfied the elements of the

charges against him." *Id.* ¶ 15. The Fourth Plea colloquy in the present case does not raise the same concerns.

{16}     The "nature of the charge" against Petitioner in 2003, and the essential elements, were not as complex as those in *Yancey.* The essential elements included the following: driving in New Mexico, while under the influence of intoxicating liquor, with a blood or breath alcohol concentration of eight one-hundredths (.08) or more. *See* § 66-8-102(A), (C). At the plea hearing, the district court engaged Petitioner in the following exchange regarding the nature of the charges:

| | |
|---|---|
| JUDGE: | Tell me what you did that brings you before the court today to enter a plea of guilty to one count of driving under the influence of intoxicating liquor or drugs and driving while license is suspended or revoked. |
| PETITIONER: | On February the 24th of this year I was pulled over and arrested for driving under the influence of alcohol while on a suspended license. |
| JUDGE: | You acknowledge that you were drinking? |
| PETITIONER: | Yes, your honor. |
| JUDGE: | And they did give you a breath test? Or did you refuse to take the breath test? |
| PETITIONER: | No, I took the breath test. |
| JUDGE: | And what did it indicate your alcohol content was? |
| PETITIONER: | I believe it was a .17 |

The district court did not recite the elements of the DWI charge, but unlike the defendant in *Yancey*, Petitioner's responses at the plea hearing provide a basis for concluding that he understood that having an alcohol content of .17 while driving satisfied the elements of the DWI charge, to which he pleaded guilty. Compliance with Rule 5-303(F) "does not turn on whether the court strictly adhered to a script, but instead on whether the court determined by some means that the defendant *actually* understood the nature of the charges." *Yancey*, 2021-NMCA-009, ¶ 13 (alterations, internal quotation marks, and citations omitted). The Fourth Plea colloquy establishes that Petitioner "*actually* understood how his conduct satisfied the elements of the charges against him." *Id.* ¶ 15. Because the record of the plea colloquy demonstrates that the Fourth Plea was knowing and voluntary, the district court did not abuse its discretion in summarily dismissing the Rule 5-803 post-conviction Petition as to the Fourth Plea.

**B.    The Misdemeanor Pleas**

{17}    The district court did not directly address the validity of the Misdemeanor Pleas. Instead, the district court relied on its jurisdictional determination and further found that "Petitioner's agreement appears to be moot, for, Petitioner stipulated that the convictions were valid at sentencing." The district court's finding appears to refer to the Fourth Plea colloquy, at which Petitioner's counsel acknowledged the Misdemeanor Pleas. Responding to the district court's analysis, Petitioner argues

that (1) the acknowledgment of the Misdemeanor Pleas at the Fourth Plea colloquy cannot, post-plea, establish that the Rule 5-303 requirements were met at the time the challenged plea was entered; and (2) an attorney "cannot substitute for the defendant in a plea colloquy." We need not evaluate the district court's reasoning, because we conclude that Petitioner failed to meet his burden to establish that the Misdemeanor Pleas were not knowing and voluntary. *See Pacheco*, 2008-NMCA-059, ¶¶ 7-9 (considering a collateral attack on a plea and assigning to the defendant the burden to prove "some error occurred that would require it to be considered void"). The district court was therefore "right for any reason" in summarily dismissing the Petition as to the Misdemeanor Pleas. *State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684; *see id.* (allowing affirmance "on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below" (internal quotation marks and citation omitted)). We explain, beginning with the slim record of the Misdemeanor Pleas.

{18}     Two of the prior pleas were entered in the Farmington municipal court in 1989 and 1992, and the third was entered in the Aztec municipal court in 2001. There were no court records available for the two Farmington pleas and limited court records available for the Aztec plea. As a result of the absent records, Petitioner attached a self-sworn affidavit to the Petition, and testified regarding the Farmington pleas, "I

13

*do not recall* the judge enumerating the elements of the offense, asking me if I understood those elements, or asking if my attorney had explained them to me." As to the Aztec plea, Petitioner testified both that he did "not recall" the judge instructing him on the elements or making sure he understood them *and* that "the judge . . . during the plea colloquy *did not* advise [him] of the essential elements of the offense, *nor did* he ask [him] whether [he] understood the essential elements of the offense." (Emphasis added.)

{19}     The conflicting statements regarding the Misdemeanor Pleas in Petitioner's affidavit—both (1) that he did not recall whether the required information was conveyed, *and* (2) affirmatively that the information was not conveyed—do not establish an entitlement to relief. Petitioner's inability to recall whether the plea colloquy requirements were met—when those pleas were entered in 1989, 1992, and 2001—does not alone establish that those pleas were involuntary. *See Burton v. State*, 1971-NMSC-028, ¶ 17, 82 N.M. 328, 481 P.2d 407 (concluding that an attorney's failure to recall, after thirteen years, whether the defendant conveyed information did not "constitute a violation of any constitutional or other right which would make [the defendant's] conviction on a voluntary plea of guilty subject to collateral attack"). Absent additional evidence, or any indication that additional evidence could be available to be presented at an evidentiary hearing, it plainly appeared from the face of the Petition and affidavit that Petitioner was not entitled

14

to relief as a matter of law and summary dismissal was appropriate. *See* Rule 5-803(F)(1) ("If it plainly appears from the face of the petition, any exhibits, and the prior court proceedings in the case, that the petitioner is not entitled to relief as a matter of law, the court shall summarily dismiss the petition.").

**CONCLUSION**

{20}  For the reasons stated herein, the district court's jurisdictional ruling is reversed but the dismissal of the Petition is otherwise affirmed.

{21}  **IT IS SO ORDERED.**


_____
**KATHERINE A. WRAY, Judge**

**WE CONCUR:**


_____
**KRISTINA BOGARDUS, Judge**


_____
**GERALD E. BACA, Judge**