This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37822**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-2,**

      Plaintiff-Appellee,

v.

**BLANCA A. VILLEGAS, SUN CITY FINANCE, JOSE G. ORTIZ, and INEZ S. ORTIZ,**

      Defendants,

and

**HERMAN GARCIA and MARY HELEN GARCIA,**

      Movants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Martin & Lutz, P.C.
William L. Lutz
David P. Lutz
Las Cruces, NM

for Appellants

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}**    Movants Herman and Mary Jane Garcia (collectively, the Garcias) appeal the district court's denial of their motion to set aside the judgment in a foreclosure action brought by Plaintiff Deutsche Bank against certain defendants not party to this appeal. Unpersuaded that the district court erred, we affirm.

**BACKGROUND**

**{2}**    Deutsche Bank commenced the foreclosure action in June 2013 and recorded a notice of lis pendens shortly thereafter. Deutsche Bank sought to foreclose a mortgage executed by a borrower on property in Doña Ana County (the Property) and recorded in 2005, 2008, and 2010. Prior to the foreclosure action, the State of New Mexico had a lien on the Property for delinquent real property taxes as of January 1, 2011. Deutsche Bank, evidently unaware of this lien, did not name the State in the foreclosure action.

**{3}**    In June 2015, the State sold the Property to the Garcias at a tax sale and executed a deed conveying to them all the prior owner's interest in the Property "subject only to perfected interests in the real property existing before the date the property lien arose." *See* NMSA 1978, § 7-38-70(B) (1982). In September 2015, an in rem default judgment and order for foreclosure sale was entered. The foreclosure sale was completed in February 2016, and the special master's deed, conveying the Property to Deutsche Bank, was recorded a few days later. The Garcias did not record their deed from the State until August 2016.

**{4}**    Nearly two years later, after apparently having being named as defendants in a quiet title action by Deutsche Bank, the Garcias filed a Rule 1-060(B) NMRA motion to set aside the judgment and order for foreclosure sale. The Garcias' principal argument in support of their motion was that the judgment was void because Deutsche Bank failed to join the State as a necessary and indispensable party, under Rule 1-019(A) NMRA (joinder of persons needed for just adjudication). The district court denied the motion on two grounds—first, that the State was not a necessary and indispensable party; and second, that the Garcias did not timely "pursue their rights," despite having had constructive notice of the foreclosure action through the notice of lis pendens. The district court additionally ruled that Deutsche Bank was not on notice of the State's tax lien because the lien was not recorded; and that "the tax sale was subject to [Deutsche Bank's] mortgage." The Garcias appeal the denial of their motion.

**DISCUSSION**

**{5}**    In this appeal, we address only the narrow issue of whether the district court abused its discretion in denying the Garcias' Rule 1-060(B) motion. We first set out the law pertaining to Rule 1-060(B) motions, as relevant, including the standard of review applicable to the denial of such motions. We then examine whether the Garcias

establish that the district court erred in concluding the State was not a necessary and indispensable party to the foreclosure action. Determining that the Garcias do not make this showing, we affirm the district court's denial of the Rule 1-060(B) motion on this basis and then briefly consider the parties' remaining arguments.

## I. Relevant Law on Rule 1-060(B)

**{6}**     Rule 1-060(B)(4), under which we analyze the Garcias' appeal,[1] provides that, "[o]n motion and on such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void." "A judgment is void only if the court rendering it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Classen v. Classen*, 1995-NMCA-022, ¶ 10, 119 N.M. 582, 893 P.2d 478 (emphasis, internal quotation marks, and citation omitted).

**{7}**     On appeal from the denial of a Rule 1-060(B) motion, this Court's review is limited to the question of whether the denial of the motion was erroneous; that is, we will not review the merits of the decision sought to be reopened. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247. Our review is generally for an abuse of discretion, although we review questions of law de novo. *See Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. 2004-3 v. Valerio*, 2021-NMCA-035, ¶ 25, 493 P.3d 493; *see also id.* ¶ 18 (providing that if the underlying judgment is void under Rule 1-060(B)(4), the district court must set it aside).

## II. The State as a Necessary and Indispensable Party

**{8}**     The Garcias advanced below, and now maintain on appeal, one principal argument in support of their Rule 1-060(B)(4) motion, and we limit our analysis accordingly. The Garcias' theory as to why the judgment and order is void under Rule 1-060(B)(4) appears to take the following form. Because the State, to which the Garcias are purported successors in interest,[2] had an interest in the Property as a tax lienholder,

---

[1] Although the Garcias moved under both paragraphs (4) and (6) of Rule 1-060(B) to set aside the judgment and order, they neither attempted below nor attempt on appeal to make a showing of "exceptional circumstances," as required to prevail under paragraph (6). *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 31, 128 N.M. 536, 994 P.2d 1154 (stating that Rule 1-060(B)(6) "provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances" (internal quotation marks and citation omitted)); *Deerman v. Bd. of Cnty. Comm'rs of Cnty. of Doña Ana*, 1993-NMCA-123, ¶ 17, 116 N.M. 501, 864 P.2d 317 ("New Mexico . . . decisions have stated that a ground for relief under Rule [1-060(B)(6)] must be 'extraordinary' or 'exceptional.'"). Because of this, the Garcias fail to establish the district court erred in its denial of their motion under paragraph (6), and we thus analyze the Garcias' appeal under paragraph (4) only.

[2] The Garcias contend, but do not explain how, they are "successors in interest to the State of New Mexico by virtue of [receiving] a tax deed." We question this point, given that the Garcias did not retain the same rights as the State when they purchased the Property at the tax sale. *See Successor in Interest*, *Black's Law Dictionary* (11th ed. 2019) ("Someone who follows another in ownership or control of property. A successor in interest retains the same rights as the original owner, with no change in substance."). *Compare* NMSA 1978, § 7-38-48(A) (2003) (providing that the state's tax lien "is a first lien and paramount to any other interest in the property, perfected or unperfected"), *with* § 7-38-70(B)

the State was a necessary and indispensable party to the foreclosure action under Rule 1-019(A); hence, because the State was never joined to the action, the district court lacked jurisdiction to enter, or violated due process by entering, the judgment and order, thereby rendering it void.[3]

**{9}** The district court rejected the Garcias' argument. Relying on Section 7-38-48, the statute creating tax liens in favor of the State for delinquent taxes on real property, the district court held that the State was not a necessary and indispensable party. The court explained:

> By operation of . . . Section 7-38-48, the property tax lien is a super lien, even as to prior perfected liens. Therefore, [Deutsche Bank] did not need to name the State of New Mexico to the foreclosure since the lien ran with the land and would not be foreclosed.[4]

Ultimately, the Garcias do not convince us, and we do not otherwise perceive, that the district court's ruling in this regard was an abuse of discretion. *See, e.g., State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the district court's rulings, and the party claiming error on appeal bears the burden of showing such error); *see also L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶¶ 15-16, 392 P.3d 194 (presuming correctness in a

---

(providing that a deed from a tax sale for real property, "[i]f the real property was sold substantially in accordance with the Property Tax Code, . . . conveys all of the *former property owner's interest* in the real property as of the date the state's lien for real property taxes arose in accordance with the Property Tax Code, *subject only to perfected interests in the real property existing before the date the property tax lien arose*" (emphases added)). We, however, need not resolve this matter because, even assuming the Garcias were successors in interest to the State, the other premise of their argument—that the State was a necessary and indispensable party to the foreclosure action—fails.

3For their contention that the district court lacked jurisdiction to enter the judgment and order, the Garcias rely on *Armendaris Water Development Co. v. Rainwater*, 1989-NMCA-077, 109 N.M. 71, 781 P.2d 799. *Armendaris* held that a trial court is without jurisdiction to enter a judgment ordering foreclosure where a person whose rights were affected by the judgment, i.e., an "indispensable party," is absent from the proceedings. *See id.* ¶ 8. This holding, however, was later abandoned in *C.E. Alexander & Sons, Inc. v. DEC International, Inc.*, ¶ 8, 1991-NMSC-049, 112 N.M. 89, 811 P.2d 899, which renounced the rule that the failure to join an indispensable party is a jurisdictional defect. We therefore consider the Garcias' necessary and indispensable party argument only insofar as a due process violation is alleged.

4The district court continued:

> [T]he [c]ourt further cites . . . Section 7-38-70(B), providing that if the property is subsequently sold for delinquent taxes it is "subject only to perfected interests existing before the date . . . the property tax lien arose." Here, the tax lien arose on January 1, 2011, according to Section 7-38-48, and [Deutsche Bank's] Mortgage was recorded on March 31, 2005, in Book 597 at Page 1062-1086 as Document No. 9876, re-recorded on June 18, 2008, as Document No. 0817623, and re-recorded on February 2, 2010 as Document No. 1002675. As such, the tax sale was subject to [Deutsche Bank's] mortgage.

The Garcias do not attack these findings of fact and conclusions of law, and we therefore do not disturb them. *See State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 ("On appeal, issues not briefed are considered abandoned, and we do not raise them on our own."); *see also* Rule 12-318(A)(4) NMRA ("The argument [in a brief in chief] shall set forth a specific attack on any finding, or the finding shall be deemed conclusive.").

district court's Rule 1-060(B) ruling). We explain, turning first to Rule 1-019(A) and then to Section 7-38-48(A).

**{10}** Rule 1-019(A) dictates when a person subject to service of process is a necessary and indispensable party—i.e., when such a person must be joined as a party in an action. *See State ex rel. Clinton Realty Co. v. Scarborough*, 1967-NMSC-152, ¶ 2, 78 N.M. 132, 429 P.2d 330 (characterizing a person that must be joined as a party in an action as a "necessary and indispensable" party). For their contention that the State is a necessary and indispensable party to the foreclosure action, the Garcias rely on Rule 1-019(A)(2)(a). The Rule provides that a person "shall be joined as a party in the action" if he or she (i) "claims an interest relating to the subject of the action" and (ii) "is so situated that the disposition of the action in his [or her] absence may . . . as a practical matter impair or impede his [or her] ability to protect that interest." Rule 1-019(A)(2)(a). While the State, as a tax lienholder, might have met the first condition of Rule 1-019(A)(2)(a), the second condition is another matter.

**{11}** To understand why, we look at Section 7-38-48(A), which delineates the nature and status of a state tax lien. Section 7-38-48(A) provides in relevant part:

> [T]axes on real property are a lien against the real property . . . . The lien runs in favor of the state and secures the payment of taxes on the real property and any penalty and interest that become due. The lien continues until the taxes and any penalty and interest are paid. The lien created by this section is a first lien and paramount to any other interest in the property, perfected or unperfected.

As the district court recognized, the State's lien against the Property was, pursuant to this provision, "a first lien and paramount to any other interest in the property, perfected or unperfected." Section 7-38-48(A). Such "other interest" would plainly include that of Deutsche Bank. With the State's interest in the Property thus paramount to that of Deutsche Bank by operation of Section 7-38-48(A), the second Rule 1-019(A)(2)(a) condition, quoted above, was not met. That is, since the foreclosure necessarily affected only those interests inferior to the State's, *see* 59A C.J.S. *Mortgages* § 915 (2022) ("[F]oreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed."), the State was not "so situated that the disposition of the [foreclosure] action in [the State's] absence [could] . . . as a practical matter [have] impair[ed] or impede[d its] ability to protect that interest." Rule 1-019(A)(2)(a). In light of this, we cannot say the district court erred in concluding the State was not a necessary and indispensable party. *See* 59A C.J.S. *Mortgages* § 915 (providing that because "foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed," "parties having an interest in the mortgaged property antagonistic or superior to the interest of the mortgagor and mortgagee are not necessary or proper parties to a foreclosure proceeding" (footnote omitted)); *see also* 59A C.J.S. *Mortgages* § 925 (2022) ("The rule against joining in a foreclosure suit claimants of an adverse and paramount title is generally applied to such persons as claim under a tax sale of the mortgaged premises.").

**{12}** In support of a contrary result, the Garcias cite numerous cases for general principles about the need to join necessary and indispensable parties and the effect of failing to do so. But, beyond outlining some of those cases' key points in generic terms, the Garcias stop there. They do not explain how the cases support their claim that the State, as a superior lienholder, was a necessary and indispensable party to the foreclosure action, and our own review of these cases reveals no such support. Because "we will not consider bare assertions that are not developed and supported by . . . analysis," we decline to consider these authorities further. *Nationstar Mortg. LLC v. O'Malley*, 2018-NMCA-029, ¶ 38, 415 P.3d 1022.

**{13}** In sum, the district court had a reasoned basis for concluding that the State was not a necessary and indispensable party and the Garcias have not convinced us that this ruling was in error. We accordingly affirm the district court's denial of the Garcias' Rule 1-060(B) motion on this basis.[5]

### III.    The Parties' Additional Arguments

**{14}** Finally, the parties ask us to weigh in on whether the tax sale comported with statutory and due process requirements; which party's interest in the Property is superior; whether the Garcias' interest was foreclosed; and, in essence, the effect of the district court's Rule 1-060(B) order on the quiet title action. Such matters are beyond the scope of this appeal, and we decline to weigh in on them. *See James*, 1980-NMCA-043, ¶ 9 (providing that our appellate review of a denial of a Rule 1-060(B) motion is limited to whether the denial was an abuse of discretion); *cf. Sena Sch. Bus Co. v. Bd. of Educ. of Santa Fe Pub. Schs.*, 1984-NMCA-014, ¶ 16, 101 N.M. 26, 677 P.2d 639 ("We do not give advisory opinions."). We instead leave them for the district court in the quiet title action to resolve in the first instance as appropriate.

### CONCLUSION

**{15}** For the foregoing reasons, we affirm.

**{16}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**

---

[5]Because of this, we need not, and therefore do not, address the Garcias' arguments that (1) the district court erred by alternatively ruling that the Garcias' motion was untimely, and (2) the district court erred in concluding that Deutsche Bank was not on notice of the State's tax lien because the lien was not recorded.