This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38370**

**RANDALL K. PRUIT,**

Petitioner-Appellant,

v.

**STATE OF NEW MEXICO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Randal K. Pruit
Clovis, NM

Pro Se Appellant

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Petitioner Randal Pruit pleaded guilty to one count of driving while under the influence of intoxicating liquor (fourth), pursuant to NMSA 1978, Section 66-8-102 (2003, amended 2016),[1] and one count of driving while under the influence of intoxicating liquor (seventh or subsequent), also pursuant to Section 66-8-102, in two separate cases in November 2005, although the charges arose in 2003. At the time of Petitioner's plea, he had ten cases pending against him. Petitioner's plea agreement included pleading guilty to four charges in four separate cases, while the district

---

[1]All references to Section 66-8-102 in this opinion are to the 2003 version of the statute.

attorney dismissed the remaining cases that had multiple charges in each case. More than ten years later, Petitioner petitioned to vacate and set aside his two driving while under the influence convictions pursuant to Rule 5-803 NMRA. The district court denied his petition as untimely, and Petitioner appeals. Although Petitioner's arguments on appeal are at times unclear and unsupported, we understand them to be as follows: (1) there should be no timeliness requirement under Rule 5-803 if a petition alleges a fundamental or jurisdictional error; and (2) his sentence was illegal because he was not provided a written plea agreement; the State did not provide a factual basis for Petitioner's prior convictions; he was not informed of the permissible range of sentences; the sentence provided for more probation than the maximum amount permitted; and he received ineffective assistance of counsel. Because we conclude that Defendant's first argument lacks merit, we affirm without reaching his second argument.

**BACKGROUND**

**{2}** In August 2003 Petitioner was charged with eight charges including driving while under the influence of intoxicating liquor (seventh or subsequent). In a separate case in December 2003, Petitioner was charged with driving while under the influence of intoxicating liquor (seventh or subsequent) and failure to maintain lane, pursuant to NMSA 1978, Section 66-7-317 (1978). In November 2005 Petitioner participated in a plea hearing for these two cases and eight other cases that included multiple charges. At the plea hearing, Petitioner, through his counsel, stated he would enter pleas in these two cases and two other cases that included two counts of forgery and that would "take care of every pending case that [Petitioner] ha[d] in magistrate court, district court, plus any outstanding checks if there [were] any." After going over these terms, Petitioner's constitutional rights, and the factual basis for each of the four charges at issue, the district court orally found there were facts sufficient to support the plea agreement, the plea was voluntary, the plea was reasonable under the circumstances, and Petitioner committed the offenses. A written plea agreement was not filed in district court.

**{3}** After argument regarding sentencing at the plea hearing, the district court imposed a sentence for the four separate convictions as follows: three years imprisonment with one year suspended, one year of probation, and two years of parole for the driving while under the influence (seventh or subsequent) conviction; two years imprisonment and two years of parole for the other driving while under the influence conviction;[2] and six years imprisonment with six years suspended and four years of probation for the two forgery convictions.

**{4}** In May 2019, more than ten years later, Petitioner filed a petition for post-conviction relief pursuant to Rule 5-803, requesting that the district court vacate his two convictions for driving while under the influence. The district court denied the petition after concluding the petition was not filed within a reasonable time after the completion of his sentence and there was no good cause, excusable neglect, or extraordinary

---

[2]The judgment and sentence for this conviction originally stated it was Petitioner's fifth driving while under the influence conviction, but was amended to state it was his fourth offense. The amended pleading did not change the statute to which Petitioner pleaded guilty or his sentence.

circumstances beyond the control of Petitioner to justify the untimeliness of the petition. Petitioner appeals.

## DISCUSSION

**{5}** Petitioner first argues that pursuant to New Mexico case law and the history of Rule 5-803, if a petitioner alleges fundamental error, there is no "'reasonable time' [requirement] for filing [a Rule 5-803 petition]."

**{6}** "The decision of whether a defendant should be permitted to withdraw a plea is discretionary with the [district] court; thus, on appeal we review the [district] court's ruling to determine whether, under the facts offered in support of the motion, the [district] court abused its discretion." *State v. Otero*, 2020-NMCA-030, ¶ 3, 464 P.3d 1084 (internal quotation marks and citation omitted). However, Petitioner argues about the interpretation of the timeliness provision, Rule 5-803(C), which is an issue of law we review de novo. *See Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806 ("The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo.").

**{7}** The plain language of Rule 5-803(C) imposes a requirement that the petition be filed "within a reasonable time" unless the district court "finds good cause, excusable neglect, or extraordinary circumstances beyond the control of the petitioner that justify filing the petition beyond that time." *See Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 (noting appellate courts give effect to the language of the rule if it is unambiguous).

**{8}** Despite the plain language, Petitioner's argument is rooted in the history of Rule 5-803. He argues that Rule 5-803 superseded Rule 1-060(B) NMRA for post-sentence matters involving criminal convictions including the writ of corum nobis, *see Otero*, 2020-NMCA-030, ¶ 4, and per *State v. Tran*, 2009-NMCA-010, ¶¶ 14-16, 145 N.M. 487, 200 P.3d 537, there is no timeliness requirement for a writ of corum nobis for post-conviction relief—despite the Rule 1-060(B) timeliness requirement—if the petitioner claimed the sentence was void. He claims, therefore, it follows that if a petitioner argues their conviction is void, there is no timeliness requirement.

**{9}** This Court squarely addressed Petitioner's argument in *McGarrh v. State*, 2022-NMCA-036, ¶ 10, 514 P.3d 55. In responding to the same argument Petitioner makes in this case, this Court stated "[w]e therefore reject [the p]etitioner's contention that because prior procedural mechanisms for post-sentence relief did not impose time requirements, Rule 5-803 must be read similarly." *Id.* Further, this Court squarely held "Rule 5-803(C) requires petitions for post-conviction, out-of-custody relief to be brought 'within a reasonable time.' " *Id.*

**{10}** Petitioner also relies on Rule 5-803(G)(1)[3] for the proposition that if a petitioner files a petition that alleges fundamental error, the district court does not have the discretion to deny the petition. Rule 5-803(G)(1) relates to successive petitions filed for post-conviction relief. For these *successive* petitions, "the [district] court shall have the discretion to[] dismiss any claim not raised in a prior petition unless fundamental error has occurred, or unless an adequate record to address the claim properly was not available at the time of the prior petition." *Id.* Rule 5-803(G) addresses claims in successive petitions that were not raised in the previous petitions. The rule does not support an argument that the district court did not have the discretion to reject Petitioner's petition—which was not a successive petition—because he alleged fundamental error. *Cf. Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)). Further, we need not address Petitioner's hypothetical regarding the circular nature of Rule 5-803(G) because it is not this Court's practice to address issues that are not necessary for the disposition of an appeal, as to do so would be tantamount to providing an advisory opinion, which this Court will not do. *See Sena Sch. Bus Co. v. Bd. of Educ. of Santa Fe Pub. Schs.*, 1984-NMCA-014, ¶ 16, 101 N.M. 26, 677 P.2d 639 ("We do not give advisory opinions.").

**{11}** Because Rule 5-803 imposes a timeliness requirement even when a petitioner alleges fundamental error, we conclude that the district court did not err in denying the petition in this case as untimely, and we need not address Petitioner's remaining arguments regarding the substance of his petition.

**CONCLUSION**

**{12}** We affirm.

**{13}** **IT IS SO ORDERED.**

---

3To the extent Petitioner argues about the contradictory nature of Rule 5-801 NMRA, Rule 5-802 NMRA, and Rule 5-803, this appeal resolves only his Rule 5-803 petition, and we need not address that contention. *See Sheraden v. Black*, 1988-NMCA-016, ¶ 10, 107 N.M. 76, 752 P.2d 791 ("It is well settled in New Mexico that the function of a reviewing court on appeal is to correct erroneous results, not to correct errors that, even if corrected, would not change the result."). However, we note that each of these rules addresses a different time period, thus any differences are not contradictions but instead are different requirements for filings during a different time in the post-conviction process. *See* Rule 5-801(A) ("A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within ninety (90) days after entry of any order or judgment of the appellate court on direct appeal denying review of, or having the effect of upholding, a judgment of conviction."); Rule 5-802 ("This rule governs the procedure for filing a writ of habeas corpus *by persons in custody or under restraint.*" (emphasis added)); Rule 5-803(A) ("A petition to set aside a judgment and sentence may be filed in the district court of the jurisdiction which rendered the judgment by one who has been convicted of a criminal offense, and *who is not in custody or under restraint* as a result of such sentence." (emphasis added)). Further, "committee commentary is not binding authority," *State v. Barber*, 2004-NMSC-019, ¶ 10 n.1., 135 N.M. 621, 92 P.3d 633, so any conflict with the commentary and the plain language of the rules does not affect our analysis.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**