This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40603**

**STATE OF NEW MEXICO,**

      Plaintiff/Respondent-Appellee,

v.

**RAY HAIDARI a/k/a PEYMAN
RAY HAIDARI,**

      Defendant/Petitioner-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

M. Naomi Salazar
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant/Petitioner Ray Haidari (Petitioner) appeals from the district court's order denying his Rule 5-803 NMRA petition for post-sentence relief. Unpersuaded that Petitioner's docketing statement established error, we issued a notice proposing to summarily affirm. Petitioner has responded with a memorandum in opposition to our notice. After due consideration, we remain unpersuaded that Petitioner has established error. We affirm.

**{2}**     In response to our notice, Petitioner asserts that the timeliness requirement for post-sentence relief under Rule 5-803(C) is flexible and that his change of circumstances and on-going prejudice give rise to good cause for the district court to consider his petition. [MIO unnumbered 2-3] Petitioner's arguments, again, do not address the reasonableness of the timing of the petition under Rule 5-803(C). Petitioner does not explain how his accomplishments in life and the prejudice he would suffer if deported give rise to a finding of "good cause, excusable neglect, or extraordinary circumstances beyond [his] control" that would justify any untimeliness of the petition. *See* Rule 5-803(C); *McGarrh v. State*, 2022-NMCA-036, ¶¶ 9-10, 20, 514 P.3d 55 (holding that Rule 8-503(C) imposes a time requirement on filing the petition and we will hold there is no abuse of discretion in the district court's ruling on the pleadings that the petition was untimely where the petitioner does not identify any evidence that would have been presented that would show it was brought within a reasonable time or to show good cause, excusable neglect, or extraordinary circumstances beyond the control of the petitioner). We also note that the district court considered the petition under Rule 5-803(G)(2), despite Petitioner's failure to address timeliness, and denied it on both grounds.

**{3}**     As to the merits of the petition under Rule 5-803(G)(2), we remain unpersuaded that Petitioner's successive petition for post-sentence relief demonstrated an intervening change in the law. *See* Rule 5-803(G)(2) (stating, in relevant part, that where the petitioner has previously filed a petition seeking the same relief on the same claim, the district court has discretion to dismiss the claim in a successive petition, "unless there has been an intervening change of law or fact or the ends of justice would otherwise be served by rehearing the claim"). In response to our notice, Petitioner specifically contends that *State v. Gallegos-Delgado*, 2017-NMCA-031, ¶¶ 23-24, 392 P.3d 200, and *State v. Tejeiro*, 2015-NMCA-029, ¶¶ 14, 16-17, 345 P.3d 1074, broaden the considerations for assessing prejudice when addressing ineffective assistance of counsel claims involving unadvised immigration consequences of entering plea agreements and allow courts to consider a criminal defendant's connection to this country. [MIO unnumbered 4-5] We disagree that the case law was changed by the above-cited cases in 2015 and 2017. In *State v. Favela*, 2013-NMCA-102, ¶ 19, 30, 311 P.3d 1213, *aff'd*, 2015-NMSC-005, 343 P.3d 178, this Court explained that a defendant's connection to this country is a relevant consideration for prejudice and relied on a 2006 case for that proposition: *State v. Carlos*, 2006-NMCA-010, ¶ 21, 140 N.M. 688, 147 P.3d 897. Given that Petitioner's earlier Rule 5-803 petition, which raised the same claim and immediately preceded the current petition, was before the district court when *Favela* was issued and was filed long after the same principle was stated in *Carlos*, 2006-NMCA-010, ¶ 21, we are not persuaded by Petitioner's argument that there was an intervening change in the case law to warrant rehearing his successive petition under Rule 5-803(G)(2). We also note the district court ruled that when it denied Petitioner's ineffective assistance of counsel claim in 2013, it approached Petitioner's claim of prejudice under *Favela*, the same manner in which the more recent cases approach prejudice. [RP 194]

**{4}** To the extent Petitioner relies on the legalization of marijuana and the expungement statute to demonstrate a change in sentiment toward his trafficking conviction, we are not persuaded that these legislative measures are relevant to Petitioner's specific claim of error regarding his attorney's failure to warn him about the immigration consequences of his plea. *See* Rule 5-803(B) ("Relief under this rule is available to correct convictions obtained in violation of the constitution or laws of the United States or the State of New Mexico.").

**{5}** For the reasons stated above and in our notice, we affirm the district court's order denying the petition.

**{6} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**